By the Court. Oakley, C. J.
The plaintiff, Eason, sues Cockroft to recover the value of a quantity of. flour. In point of fact it seems that Cockroft was acting as a broker, buying flour from Eason and selling it to Purcell and O’Conner. Purcell and O’Conner left the country, and Eason seeks to recover from Cockroft, on the ground that he is personally responsible. There was no written agreement between Cockroft and the plaintiff, and the judge instructed the jury that as this was a contract for the sale of goods, above the value of fifty dollars, it could not be valid and binding upon the parties under the statute of frauds, until the delivery of the goods. The question of fact, which arose as to whom the delivery was made, was strongly eontésted. The plaintiff contended that the délivery was to Cockroft, and Cockroft, that Eason having been apprised of the fact that O’Conner and Purcell were the real purchasers, the property was delivered to them. The court told the jury that, as there was no binding contract until the delivery of the goqds, the liability of the defendant depended upon the fact of delivery; and, therefore, even though the contract for the sale of the goods were made by the defendant with the plaintiff, still if they were delivered by the plaintiff to O’Conner and Purcell, the defendant was discharged; and that if the plaintiff treated with O’Conner and Purcell as the purchasers of these goods, and delivered the goods to their carman for them, he could not recover from the defendant; and if, from the evidence in the case, the jury believed that the plaintiff treated with O’Conner and Purcell, as principals, they must find a verdict for the defendant. To this charge no exception was taken, and we think that it presents correctly the rules of law applicable to the case. The jury found a verdict for the plain *369 tiff upon the ground that, the evidence showed a delivery to Oockroft, and that he, not having disclosed the name of his principal, was responsible. It follows that, unless the plaintiff relinquished or lost his rights by some transaction subsequent to the sale and delivery of the goods, he must be entitled to his judgment upon the verdict.
Among the evidence offered was a paper in this form, signed by Henry Nason and O’Conner and Purcell. . “We, Henry Nason and Purcell and O’Conner, merchants, having a dispute concerning a certain lot of flour, branded Leland Mills, do hereby agree to leave the same to be decided by arbitrators, each party to name one, and if they do not agree, the two thus chosen shall name a third, and the decision of a majority shall be binding on us severally; and any balance to be paid immediately on the decision of arbitrators.”
This paper was doubtless evidence that Nason, at some period, was dealing with O’Conner and Purcell, as the owners of the * flour; but, on the argument before us, it was urged by the counsel of Oockroft, that of itself, by operation of law, it discharged the defendant, Oockroft; that it was evidence of the plaintiff’s election to proceed against O’Conner and Purcell, as the purchasers of the flour; and that it was in consequence of this election that it was agreed to submit certain disputes, which arose between them as to the quality of the flour, to arbitrators; and it was contended that the plaintiff was thereby concluded, as matter of law, from subsequently suing Oockroft. We have given this matter due consideration, and we do not think that this paper can receive a construction which would render it absolutely binding upon the parties, so as to conclude Nason from maintaining this action. Where an agent purchases goods, without disclosing the name of his principal, it has certainly never been, supposed that he is discharged from the liability which he thus incurs, by the subsequent discovery of the name of his principal. The only effect of the discovery is, that principal and agent are both liable; and the seller may, at his election, proceed against either or both; and, as it is clear that the mere commencement of suit against the principal would not discharge the agent, we cannot see why that effect should be given to a submission to an arbitration which had no *370 result. We cannot, therefore., give to the paper in question the legal effect which the counsel for the defendant claimed for it. As respects the questions arising upon the evidence, we are not dissatisfied with the conclusions to which the jury came.
Coupled with this case was an application of this character. It seems that a commission was taken out, at a certain period during the case, to examine Mr. Purcell, who was in England, as to this transaction. Eor some cause or other, the commission did not arrive before the trial of the case, and at the trial a motion was made to postpone it to await the arrival of the commission. The motion was granted by the judge upon certain terms as to costs, &c. The defendant, it seems, considered these terms as- too rigorous, and did" not choose to accept the order made by the court. The case was directed to go to trial, and the result was as I have already stated. He now appeals for liberty to open the case for ‘another trial, in order to have the benefit, of the deposition taken. As he made his election to dispense with the testimony of Purcell, we do not think that he has a right to claim another trial, or to expect that, as a favor, it will be granted; especially as the testimony which he seeks to produce bears upon the same questions which were decided by the jury. It is plainly and merely cumulative. It does not seem to us, in this stage of the litigation, expedient to open the case for a new trial.
Judgment and orders appealed from affirmed with costs.*

 The above opinion is published^ with some corrections, as taken down in short-hand by L Abbott, Esq., at the time of its delivery.