By the Court.—Speir, J.
The sale and delivery of the wheat at the “Tower’s distillery,” or “Bliss-ville distillery,” meaning the same place on Wewtown creek, and the price agreed upon, are not disputed. The dispute is whether the plaintiff was given by the defendant when he told him the wheat was to be delivered at this distillery, the name of the firm of C. A. Steen & Co. as the • purchasers who were to be charged. .
There is no doubt that the defendant was a broker and acted as such in the purchase of this wheat. Wor is there any dispute that he acted as the broker of C. A. Steen & Co. in making the purchase, or that the delivery was made to them, or that they were Ms principals.
The only question to be determined is, whether the sale was made to the defendant in this action, or through him to the firm of C. A. Steen & Co., who were the owners at the time of the distillery where the wheat was delivered. There being no exceptions to evidence in the case or to the charge, and no request *98 to the judge to rule upon any question of law, or to submit any particular question of fact to the jury, there can be no question of law open for review on this appeal.
On this single question of fact the jury found for the plaintiff. The exception to the refusal of the judge to dismiss the complaint or to direct a verdict for the defendant must be considered merely formal, unless the weight of evidence is clearly in favor of the defendants on this the only question for the determination of the jury.
The principles of law applicable to this case are elementary, and I do not think they can be disputed by counsel.
If the defendant, although known to be a broker, did not disclose his principals at the time of the sale and delivery of the wheat, and the credit at the time was given by the plaintiff, exclusively, to him, he promising to pay the amount, the defendant is liable for the price of the goods. The instances when an agent purchasing goods for another is himself liable, are when the fact that he is acting as agent is known to the vendor at the time of the sale, but the name of the principal is unknown and he does not disclose it; when the fact that he is acting as agent and the name of the principal are both unknown to the vendor at the time of the sale, and he does not disclose the fact that he is acting, and give some person as his principal; when he makes himself a party to the contract by causing the credit to be given to himself, or by promising to pay.
On the part of the defendant it is in evidence, that at the time he made this purchase, he not only made it on behalf of Steen & Co., but that he disclosed the fact to the plaintiff; that the wheat was to be sent to the mills owned by Steen & Co. ; that the credit was given to them, and that the plaintiff must look to them. This testimony seems to have been corroborated by the testimony of the witness Richardson.
*99 On. the part of the plaintiff, it is in evidence that he had no knowledge of the firm of Steen & Co.; that they were not disclosed to him by the defendant as his principals for whom the purchase was made; and that the wheat was charged to the defendant exclusively; and that he promised to pay upon the presentation of the bill to him for payment.
The fact of the plaintiff’s instituting a suit against the principal, in which he failed to collect his debt, does not prevent his bringing an action against the agent, if he became liable for the payment at the time of the sale.
This court says in a similar case, “where an agent purchases goods without disclosing the name of his principal, he is not discharged from his liability which he thus incurs, by the subsequent discovery of the name of the principal. The only effect of the discovery is that the principal and agent are both liable, and the seller may at his election proceed against either or both” (Nason v. Cockcroft, 3 Duer, 366; Coleman v. Bank of Elmira, 53 N. Y. 394). The suit brought against Steen & Co. was discontinued, and there has been no satisfaction of the claim through that suit. The sum of $1,800 has been obtained, inferentiaily, from that firm on account of this sale, and the defendant on the trial had the benefit of this sum by a deduction from the claim to that extent.
The evidence in the case relating to the main question was conflicting and proper in all respects to be submitted to the jury for determination. Upon a review of the testimony on the trial and especially of the charge of the learned judge to the jury, I think there is no ground for reversing the judgment. It must be affirmed with costs.
Curtis, Ch. J., concurred.