(37 Misc. Rep. 76.)

AMERICAN TRADING CO. v. THOMAS WILSON SONS & CO., Limited, et al.

(Supreme Court, Special Term, New York County. January, 1902.)

MISJOINDER OF CAUSES.

> An action by shippers of goods against agents of carriers, as well as their undisclosed but subsequently discovered principals, for delivering goods in a damaged condition, does not show a misjoinder of causes, although there can be but a single satisfaction for the breach.

Action by the American Trading Company against the Thomas Wilson Sons & Company, Limited, and others. Demurrer to complaint overruled.

Stetson, Jennings & Russell (Winfred T. Denison, of counsel), for plaintiff.

Foster & Thomson (Giraud F. Thomson, of counsel), for defendants.

CLARKE, J. The action is brought by the shippers of certain bales of merchandise for an alleged breach of the agreement contained in the bills of lading by delivery of the goods in damaged condition. The agents who received the goods, and are described in the bills of lading as agents for the "Wilson Hill Line," and a corporation, alleged to be undisclosed principals, subsequently discovered to be Thomas Wilson Sons & Co., Limited, are both made parties defendant. Both the agents and the principal demur to the complaint on the ground that causes of action have been improperly united, to wit, a cause of action against the defendants as alleged agents for undisclosed principals and a cause of action against the

principals. The defendants contend that the plaintiff cannot sue both on the same breach of contract in the same action, but that plaintiff must elect whether he will pursue the principal or the agent, and that, as the plaintiff here sues both, the complaint sets up two inconsistent causes of action. It is true that the creditor is at liberty, on discovering the principal, to elect to hold either the agent or the principal; but he cannot hold both. Mechem, Ag. § 698; Leake, Land, 503, 504. The meaning of this and similar statements relied upon by the defendants is that the creditor cannot finally enforce payment of his claim from both agent and principal. In Beymer v. Bonsall, 79 Pa. 298, it was held that, when both principal and agent were liable, neither would be discharged short of satisfaction of the debt. This case was cited with approval in Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51, where it was held that the commencement of an action against the principal would not be conclusive of an election by the creditor to hold the principal alone responsible, and it was followed in Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382, affirmed in 156 N. Y. 663, 50 N. E. 1117, where the court says:

"If two or more persons are severally liable for the same debt, payment of the debt alone discharges the debtor, and the maintenance of an action and recovery of a judgment against one does not debar the creditor from suing in a separate action others liable for the same debt."

If the beginning of a separate action against the agent does not constitute an election, and discharge the principal or vice versa, it is difficult to see how beginning an action against both jointly can constitute an election, as it is obvious that it is impossible to determine whether he has elected to hold the agent or the principal. It has been held that the plaintiff may begin an action against both where both are equally responsible to him, and, having subsequently discontinued against one, take his judgment against the other. Mattlage v. Poole, 15 Hun, 556. And in McLean v. Sexton, 44 App. Div. 520, 60 N. Y. Supp. 871, it is held that both principal and agent may be sued in the same action, and the liability of neither can be discharged except by the satisfaction of the debt. Although that suit was to foreclose a mechanic's lien, and the parties defendant were designated by statute, the reasoning of the court applies with equal force on this demurrer:

"There is really but one cause of action stated in the complaint. * * * It affects both defendants, because both are liable for the debt upon which the lien is founded. If one of the defendants pays the plaintiff's claim, the other will not have to pay it; but, until he procures payment by one or the other, the plaintiff is at liberty to pursue both."

In the case at bar there is but one cause of action, one subject-matter. The parties joined have one connected interest centering in the point at issue; one common point of litigation, namely, the single alleged breach of contract, by delivery of goods in damaged condition. Mahler v. Schmidt, 43 Hun, 512. The multiplication of defendants does not necessarily increase the number of causes of action, even though such defendants are not jointly, but merely severally, liable. There is but one wrong, and there can be but one reparation. The laws of agency provide that in such case there may be a dual pur-

suit of the remedy; that, inasmuch as the creditor relied solely upon the agent, and as the subsequently disclosed principal was the real party in interest, the creditor may pursue either or both until he collects from one. "The only effect of the discovery is that principal and agent are both liable; and the seller may, at his election, proceed against either or both." Nason v. Cockroft, 3 Duer, 366. Demurrer is overruled, with costs, with leave to withdraw same and answer over upon payment thereof within 20 days.

Demurrer overruled with costs, with leave to withdraw and answer over upon payment thereof within 20 days.