STEPHEN PEABODY, JR., & CO., INC., Respondent, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant, Respondent.

First Department, July 6, 1923.

**Pleadings — complaint — action for wrongful interference with contract — motion to strike out certain portions of complaint and to compel plaintiff to separately state and number causes of action — complaint does not comply with Civil Practice Act, § 241 — evidence was pleaded — motion granted.**

A motion by the defendant to strike out certain matter contained in several paragraphs of the complaint as violative of section 241 of the Civil Practice Act, and for an order to require plaintiff to set up as separate causes of action matters contained in various parts of the complaint should be granted in this action to recover damages for unlawful interference with a contract, for the plaintiff has not pleaded the causes of action concisely and without unnecessary repetition and has pleaded evidence instead of ultimate facts; the plaintiff set out in detail the transactions, negotiations, interviews, correspondence, etc., from which its cause or causes of action may be inferred.

The causes of action should be separately stated and numbered since it appears that in different parts of the complaint there are found statements, more or less complete, of well-recognized causes of action and the plaintiff cannot state them as evidentiary elements of another cause of action which should have been stated by setting out the ultimate facts constituting it.

APPEAL by the defendant, The Travelers Insurance Company, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of May, 1923, as denies its motion to strike out certain portions of the complaint and to compel the plaintiff separately to state and number certain alleged causes of action contained therein.

Appeal by the plaintiff, Stephen Peabody, Jr., & Co., Inc., from so much of said order as directs it to serve an amended complaint separately stating and numbering a cause of action.

*Moses & Singer* [*Sam L. Cohen* of counsel; *Julian S. Eaton* with him on the brief], for the plaintiff.

*William J. Moran* of counsel, for the defendant.

MARTIN, J.:

Before answering, defendant applied for an order striking out the matter contained in numerous paragraphs of the complaint as violative of section 241 of the Civil Practice Act, and for an order requiring plaintiff to set up as separate causes of action matters contained in various parts of the complaint. The order was granted to the extent of requiring plaintiff to separately state and number, as a separate cause of action, its allegations contained in six paragraphs of the complaint, and it was denied in all other respects. Both plaintiff and defendant appeal.

Plaintiff contends that in the thirty-four paragraphs of the complaint it has alleged but one cause of action and has pleaded as required by section 241 of the Civil Practice Act. It asserts that its cause of action is an unusual one for unfair and illegal interference by defendant with a profitable business relationship, as a result of which interference plaintiff, an insurance broker, is alleged to have lost a client with which it maintained very profitable business relations for a period of five years, to the damage of the plaintiff in the sum of $200,000.

There can be no question as to the merit of defendant's contention that plaintiff has not pleaded concisely and without unnecessary repetition, and has pleaded evidence. Paragraphs 8 to 22, to which defendant particularly objects, recite in detail negotiations, interviews, correspondence, conferences and other matters which are plainly evidentiary matter. In that part of the complaint and elsewhere plaintiff has failed to follow the requirements of said section 241 of the Civil Practice Act. We do not agree with its assertion that what is so clearly evidentiary detail must be set out in order to plead the unusual cause of action it claims to have.

Regardless of what may be determined as to the nature of plaintiff's cause of action, it is apparent that plaintiff, instead of pleading ultimate facts, has attempted to set forth the transactions upon which it will rely to establish them. No discussion is required to demonstrate that defendant should not be called upon to answer the complaint as it stands. It is also true, as argued by defendant, that in different parts of the complaint

there are found statements, more or less complete, of well-recognized causes of action; and that, ordinarily, such causes of action should be separately stated.

Assuming that plaintiff may separately state in one complaint these various causes of action, it may not state them as evidentiary elements of another cause of action, which should have been stated by setting out the ultimate facts constituting it. It would be unfair to defendant to require it to plead to such elements; for defendant, at the trial of the action, might find itself attacked, not on the more comprehensive theory, but on a theory based on part or parts of what, in form, is indicated as one cause of action. We do not say that in a particular situation part of a cause, properly pleaded, might not embrace the elements of a cause of action other than that intended to be set forth; but we are unable to say that such a situation exists here.

Furthermore, while the complaint is replete with evidence, plaintiff is not firmly grounded or clear as to just what are the ultimate facts which constitute, as it asserts, a cause of action. It may not so plead as to be free to proceed on any theory which may be inferentially gathered from its complaint, though it does not indicate its theory by appropriate statements.

In the brief filed for it we find, repeatedly, summarization, relating to various parts of the complaint, intended to show what is sought to be alleged. Thus plaintiff itself illustrates the truth of the charge that it has pleaded evidentiary matter as distinguished from resultant or ultimate facts.

We do not say that it may not plead its so-called unusual action, but we do say it must be pleaded as required by our practice and not by detailed recitals of interviews, reports, purposes and cross-purposes, correspondence and other matters of an evidentiary character. Nor do we say that what constitutes separate causes of action may not be necessarily included as a statement of a more comprehensive cause; though, without good reason, it may not.

Giving full force to plaintiff's disclaimer of a desire to plead separate causes of action, we have determined that the court below should have afforded plaintiff an opportunity to restate what it affirms to be an unusual cause of action, by pleading the ultimate facts, in compliance with the section of the Civil Practice Act referred to, without prejudice to such further application, directed to the amended complaint, as defendant may desire to make.

The order should be modified by granting the relief sought by defendant, with leave to plaintiff to serve an amended complaint setting forth, as it may be advised, any or all of the causes of

action indicated in the complaint, or the alleged cause of action referred to in the brief; and as so modified affirmed, without costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs.   Settle order on notice.