STEPHEN PEABODY, JR., & Co., INC., Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant.

First Department, July 2, 1924.

Contracts — action for unlawful interference — complaint in action by insurance broker does not contain facts sufficient to constitute cause of action.

A complaint in an action by an insurance broker does not state facts sufficient to constitute a cause of action either for unlawful interference with a contract or for defamation, which alleges that it was a licensed insurance-broker with a good reputation and for several years had very profitable business relations as a broker for insurance with a third person; that it carried said third person's insurance with the defendant who, after a policy was issued, repudiated its agreement as to premium rates and endeavored to replace the policy by another at a higher premium and represented in writing to said third person that the agreement as to premiums fixed in advance and the dealings of plaintiff with the third person on the basis thereof were unethical, dishonest, not truthful and wanting in business integrity upon the part of the plaintiff; and that as the result of such writing the third person refused to deal with the plaintiff and thereafter the

defendant willfully and maliciously sent bills for premiums directly to the third person, though the plaintiff had theretofore collected said premiums; and that thereafter the defendant negotiated with said third person for insurance and willfully and maliciously withheld from the plaintiff for a long time certain commissions.

By referring to the defendant's acts as willful and malicious, the plaintiff did not make them actionable, and, furthermore, it did not show that the third person was obligated to continue placing business through the plaintiff or that it has been induced to breach any duty or obligation it owed to the plaintiff.

APPEAL by the defendant, The Travelers Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of December, 1923, excepting so much of said order as directs that a certain paragraph of the amended complaint be struck out and that matters stated in another paragraph be stated as a separate cause of action.

*William J. Moran*, for the appellant.

*Moses & Singer* [*Sam L. Cohen* of counsel; *Julian S. Eaton* with him on the brief], for the respondent.

MARTIN, J.:

Appellant contends that the amended complaint does not set forth a cause of action, and that its application to dismiss it for insufficiency should have been granted. The amended pleading purports to state but one cause of action. In this respect it is like the original complaint, which was recently before this court on an appeal from an order entered on defendant's motion for relief in relation to it. It was held to violate the requirements that a pleading be confined to plain and concise statements of ultimate fact, and the order made on that motion was modified here by affording to defendant relief which had been denied in part at Special Term. (206 App. Div. 206.)

In the opinion on the prior appeal reference was made to the position of plaintiff " that its cause of action is an unusual one for unfair and illegal interference by defendant with a profitable business relationship, as a result of which interference plaintiff, an insurance broker, is alleged to have " suffered damages. The damages claimed are the loss of the business of a certain client, as well as injury to plaintiff's business generally.

In the brief for respondent it is said that, while undoubtedly plaintiff has a right to sue defendant for libel or slander or breach of contract, it prefers to bring this " comprehensive " action, founded, it asserts, upon a series of wrongful acts by defendant in the nature of " interference " with plaintiff's business.

Outlining it briefly, we find that the complaint alleges that

plaintiff, a corporation, was a licensed insurance broker and well known as such for six years; that it had a good reputation as a skilled broker; and that for about five years it had very profitable business relations, as a broker for insurance, with a third party, referred to below as the Dock Company; that defendant insurance company, as insurer, and plaintiff, as broker, had established a custom in relation to workmen's compensation insurance placed by the Dock Company; that the premium to be charged therefor would be limited so as not to exceed rates stated in advance " notwithstanding premium rates thereafter to be fixed by the Compensation Inspection Rating Board, might be higher," the purpose of the practice being to permit the Dock Company to know in advance that its premium rates would not exceed a certain amount; that a policy for such insurance written by defendant and delivered in the previous year, in accordance with such practice, was renewed for the year beginning June 30, 1920, pursuant to the same custom, defendant agreeing that the premium rates for a year from June 30, 1920, would not exceed a certain stated amount, excepting that, if said rating board provided for lower premium rates, defendant should have the benefit of such reduction; that the Dock Company accepted such renewal policy in reliance on such agreement by defendant as to premium rates, all of which was fully known to defendant, paying the initial premium, approximately $12,000, which was accepted and retained by defendant on the same understanding; that during the said year and in February, 1921, defendant repudiated its agreement as to premium rates and endeavored to replace the said renewal policy by another at a premium increase of upwards of $20,000, which " replacement policy " the Dock Company refused to accept, demanding an explanation from defendant which, it is substantially alleged, represented in a writing delivered to plaintiff's client, that the agreement for a premium rate fixed in advance and the dealings of plaintiff with its client on the basis thereof were " unethical, dishonest, not truthful and wanting in business integrity upon the part of plaintiff;" that defendant thereby intended to and did falsely convey the meaning that it had not made such agreement as to premium rates; that " as a result of receiving said writing from defendant, and solely by reason thereof," the Dock Company refused to deal with plaintiff and still refuses so to do; that thereafter defendant " wilfully and maliciously " sent bills for premiums directly to said insured at the higher rates, though theretofore plaintiff had collected the premiums in accordance with a trade custom well known to defendant, such act (sending bills direct) being wrongfully intended by defendant further to convey and did convey to the Dock Company

" the idea and understanding that plaintiff was wanting in business honesty and business integrity and could not be trusted with the collection of said premiums; " that the insured refused to pay the higher premiums, but defendant secretly negotiated with it as to same, " wilfully and intentionally " excluding " plaintiff from participation in said negotiations; " that thereby defendant intended to and did " further disparage plaintiff's business honesty and business integrity in the estimation " of its said client; that the insured thereafter paid premiums to defendant, though not to the full amount claimed by defendant, but defendant " wilfully, intentionally and maliciously withheld from plaintiff for a long time certain commissions * * * in order to embarrass plaintiff financially in asserting its rights against defendant; " that plaintiff was compelled at great expense to retain attorneys to enforce its rights against defendant; and that as a result of the foregoing, plaintiff's profitable business relationship with the Dock Company " theretofore existing * * * for five years " was destroyed, plaintiff losing the business of that company, and its business and reputation have been injured to plaintiff's damage in the sum of $200,000.

Much of what is thus alleged is on its face either evidentiary or immaterial. Outside of allegations which might suggest a cause of action for defamation or for breach of contract, there is nothing to indicate a cause of action. Statements made in the brief for respondent show that it does not declare on the theories so suggested because it is fearful of not being able to state a cause of action. It is not asserted that this complaint is sufficient on any such theory.

The essence of its complaint is defamation, and it may not proceed or recover thereon if there is an absence of facts essential to a cause of action on such a theory. It may not avoid the necessity of showing such facts as are essential to its theory by resorting to some novel and unacceptable statements, both of fact and in the nature of bare suggestion and conclusion, which are insufficient to state a cause of action.

By referring to defendant's acts as willful and malicious, plaintiff does not make them actionable. Furthermore, it is not shown that the Dock Company was obligated to continue placing business through plaintiff, or that it has been induced to breach any duty or obligation it owed to plaintiff. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382; *Posner Co.* v. *Jackson*, 223 id. 325.)

We believe that the complaint fails to state a cause of action. It is unnecessary to consider the other branches of the motion.

The order so far as it denies the motion to dismiss the amended complaint for insufficiency should be reversed, with ten dollars

costs and disbursements, and the said motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.