FREDERICK C. INMAN, Respondent, *v.* CREDIT DISCOUNT COR-
PORATION OF AMERICA and Others, Appellants, Impleaded with
DEXTER W. HEWITT and Others, Defendants.

First Department, November 7, 1930.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff*, attor-
neys], for the appellants Credit Discount Corporation, Edward V.
Harman, Robert M. McBride and Frank V. Baldwin, Jr.

*John Vance Hewitt* of counsel [*Martin Conboy* and *Bernard Sobol*
with him on the brief; *O'Brien, Boardman, Conboy, Memhard &
Early*, attorneys], for the appellants John Reisenweber and Charles
C. Squire.

*Bennett E. Siegelstein* of counsel, for the respondent.

MARTIN, J. The complaint in this action alleges that the
plaintiff parted with certain sums of money between May 28, 1926,
and March 10, 1927, for shares of stock of the defendant Credit
Discount Corporation of America; that the individual defendants

were directors of the corporate defendant; that the defendant Dexter W. Hewitt and the defendant, appellant, Edward V. Harman were officers of the corporate defendant and owned, possessed and controlled large blocks of its capital stock. It is asserted that the individual defendants were engaged in the sale of the corporate stock of the defendant corporation and in connection therewith caused to be prepared and distributed statements, prospectuses and booklets representing that the corporate defendant was a prosperous concern; that the defendants employed agents and salesmen to sell stock of the defendant corporation; that the said agents and salesmen represented to plaintiff that the defendant corporation was financially sound, " that the shares of stock of the corporation would rise in value in the very near future; that large dividends would be declared upon the profits that the corporation would earn; " that these representations were false and fraudulent; that it was represented that the shares of stock plaintiff was offered were treasury stock and that other representations were made to induce the plaintiff to purchase shares of the corporate defendant.

It is alleged that the representations made to plaintiff were false and fraudulent and known by the defendants to be such; that after the discovery of the falsity thereof, plaintiff elected to rescind and did rescind the various purchases of common and preferred stock, made and tendered to defendants the return of the shares of stock and offered to return all moneys received in the form of alleged dividends thereon and did tender the return of the money and demanded the return of the purchase price paid by plaintiff " to the defendants herein or either of them;" that the defendants, after the plaintiff had given notice of his election to rescind, and the actual rescission of the various purchases of stock and the demand by him for the return of the purchase price, failed and refused to return the same; that by reason of the aforesaid matters plaintiff is entitled to the return of the moneys paid by him, less the amount of dividends received.

The appellants contend that the complaint fails to set forth a cause of action against the defendants, appellants, Reisenweber and Squire for the return of the purchase price, based upon the rescission of the contract. As to these two defendants, appellants, the complaint alleges that they were directors of the corporate defendant; that they were familiar with the financial standing of the defendant corporation; that they were actively engaged in the sale of the corporate stock of the defendant corporation and in connection therewith caused prospectuses to be prepared and distributed and salesmen employed to make representations as to

the stock of the corporate defendant; that relying on said representations the plaintiff parted with his money; that these defendants with the others caused dividends to be declared on the stock of the corporate defendant unlawfully; that the representations made to plaintiff were false and fraudulent and known to be such by these defendants.

The complaint sets forth a good cause of action against each and all of the defendants. It is founded on fraud and alleges that all the defendants made certain representations which were fraudulent; that the defendants knew the statements were false when made and were made with the intent to defraud the plaintiff; that the plaintiff believed the statements were true and relied on the representations made by the defendants and was damaged thereby.

Each of the individual defendants, including the appellants named in the complaint, is linked as an active participant in the frauds charged in the complaint and is, therefore, a proper party defendant. (*Mack* v. *Latta*, 178 N. Y. 525, at p. 529.) Facts in the chain of events are alleged which began when the plaintiff was first solicited by the defendants or their duly authorized agents, and ended with his offer to return the stock.

It has frequently been held that in this form of action there must be a rescission and a tender of the stock and dividends received.

In *Lehman-Charley* v. *Bartlett* (135 App. Div. 674, at p. 684; affd., 202 N. Y. 524) the court said: " The plaintiff being justified in rescinding the purchase of the stock was entitled to recover from the defendant corporation the money that he had paid. He was also entitled to recover from the individual defendants who were responsible for the circular any damage that he sustained in consequence of this fraud. This, I think, was the extent to which the judgment should go. Both the corporation to which the money had been paid and the individual defendants whose false representations induced the purchase of the stock and the payment of the money by the plaintiff to the corporation could be joined in one action, the individual defendants to be liable for the amount that the plaintiff had paid to the corporation."

In the case of *Clark* v. *Kirby* (243 N. Y. 295) we find the following: " The plaintiffs, upon discovering the fraud of the defendants, could, according to our law, rescind the purchase and sue to get their money back; or they could sue to recover damages for fraud, in which instance they would keep their purchase and recover their loss. They could not do both, and, generally speaking, having elected to pursue one remedy, they could not thereafter resort to the other. Having made an election, it would be final." (See, also, *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230

N. Y. 316; *Brennan* v. *National Equitable Investment Co.*, 247 id. 486.)

One who has been induced by fraudulent representations to purchase property has, upon the discovery of the fraud, three remedies, any one of which he may elect. He may rescind the contract and sue in an action at law to recover what he parted with, restoring or offering to restore to the other party whatever he may have received. That is the plaintiff's cause of action. (*Turner Lumber Co.* v. *Lacey*, 199 App. Div. 534; *Vail* v. *Reynolds*, 118 N. Y. 297.)

In this case the facts which the plaintiff says constitute a fraud have been set forth in a concise manner. The plaintiff alleges that he rescinded the contract, offered to return the stock and also any dividends received by him and demanded the return of the money paid therefor.

An additional ground urged for consideration is that the complaint sets forth more than one cause of action. The complaint sets forth a cause of action for fraud.

In *Peabody, Jr., & Co., Inc.*, v. *Travelers Ins. Co.* (206 App. Div. 206) this court said: " Nor do we say that what constitutes separate causes of action may not be necessarily included as a statement of a more comprehensive cause; though, without good reason, it may not."

It may be that in setting forth a cause of action for fraud, facts are set out which might constitute a separate cause of action. That is not a valid objection to the complaint where such facts are necessary to the pleading of the more comprehensive cause of action in fraud. The complaint properly pleaded a cause of action for fraud.

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendants, appellants, to answer upon payment of said costs.

Dowling, P. J., and McAvoy, J., concur; Finch and O'Malley, JJ., dissent as to defendants Credit Discount Corporation of America, John Reisenweber, Robert M. McBride, Charles C. Squire and Frank V. Baldwin, Jr., and vote to reverse and dismiss as to them with leave to amend.

O'Malley, J. (dissenting in part). I agree that the complaint, particularly when the *ad damnum* clause is considered, should be regarded as stating an action, upon a contract rescinded for fraud, to recover back that with which plaintiff parted. It is an action at law, therefore, and not in equity, where different rules might apply. In such a case, however, only such parties as actually

received plaintiff's property may be held to account. (*Nelvan Construction Corp.* v. *Sanka Realty Corp.*, 227 App. Div. 51; *Alexander City Bank* v. *Equitable Trust Co.*, 223 id. 24.)

The complaint specifically alleges that the defendant, appellant, corporation did not derive any benefit from the transaction and only sets forth that two defendants, of whom the appellant Edward V. Harman was one, and a non-appealing defendant was the other, profited.

I, therefore, vote to affirm with respect to the appellant Edward V. Harman. As to the other appellants, I dissent and vote to reverse and dismiss as to them with leave to amend.

FINCH, J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants, appellants, to answer within twenty days from service of order upon payment of said costs.