CHARLES V. BOB, Appellant, *v.* AUGUST HECKSHER and Others, Respondents, Impleaded with GEORGE PIPERNO and Others, Copartners, Doing Business as PIPERNO & Co., Defendants.

First Department, March 18, 1932.

*Louis Freudenberg* of counsel [*Thompson, Smith & Thompson,* attorneys], for the respondents August Hecksher and others, for the motion.

*Herbert C. Smyth* of counsel [*George W. Israel, Wellman & Smyth* and *Milton Seymour Cohn,* attorneys], for the appellant, opposed.

TOWNLEY, J. The complaint sets forth in one cause of action a number of separate and independent torts claimed to have been committed by various defendants at different times affecting the

defendants' rights in three different corporations and two separate blocks of collateral. The only connection between these separate torts is the allegation in the complaint that they were all done in furtherance of a common purpose on the part of the defendants to deprive plaintiff of his property. Such allegation does not change the essential character of the separate causes of action stated in the complaint and convert these several separate torts into a single cause of action. (*Green* v. *Davies*, 182 N. Y. 499; *Brackett* v. *Griswold*, 112 id. 454; *Miller* v. *Spitzer*, 224 App. Div. 39.)

The rule laid down in the opinion of this court in *Green* v. *Davies* (83 App. Div. 216) was not accepted by the Court of Appeals when the case finally came before that court on the subsequent appeal. The original complaint in *Green* v. *Davies* set forth a number of independent slanders uttered by separate defendants on different occasions. On the original appeal this court held that the complaint stated but one cause of action. Thereafter the plaintiff served an amended complaint in which the original causes of action were stated in the exact terms of the original complaint and to which was added a cause of action for malicious abuse of legal process. This complaint was again attacked by demurrer upon the ground originally urged as to the separate cause of action for slander and upon the further ground that the causes of action for slander and malicious prosecution could not be united in the same complaint. By a divided court the order of the Special Term overruling this demurrer was affirmed (100 App. Div. 359). Defendants then appealed to the Court of Appeals. The ground of the demurrer was stated by the Court of Appeals in its opinion to be " that separate causes of action were improperly joined, to wit: *First,* a cause of action for slander and one for malicious abuse of legal process; *second,* a cause of action for slander uttered by one of the appellants with causes of action for slanders uttered by the other defendants " (182 N. Y. at p. 503).

Plaintiff sought to sustain the complaint upon the theory that while causes of action for slander and for malicious prosecution might not be joined, the cause of action stated was a cause of action in conspiracy to injure the plaintiff and that the slanders and arrest were mere incidents. In answering this claim, the court (p. 504) quoted the following excerpt from an opinion of Judge ANDREWS in *Brackett* v. *Griswold* (*supra*): " The gravamen is fraud and damage, and not the conspiracy. * * * The allegation and proof of a conspiracy in an action of this character is only important to connect a defendant with the transaction and to charge him with the acts and declarations of his co-conspirators, where otherwise he could not have been implicated. But a mere

conspiracy to commit a fraud is never of itself a cause of action, and an allegation of conspiracy may be wholly disregarded and a recovery had, irrespective of such allegation, in case the plaintiff is able otherwise to show the guilty participation of the defendant."

Concerning the second objection to the complaint which related to the question of whether the separate slanders uttered by the different defendants constituted separate causes of action, the court said (p. 506): "As to the second objection to the complaint, that an action for slander can be maintained against one person only, we are of opinion that it is not well founded. * * * We do not mean to suggest that the repetition by one person of a slander uttered by another is any part of the original slander. On the contrary, they give rise to two distinct causes of action. But if the two slanders were uttered in pursuance of a common agreement between the parties that such slanders should be uttered, then each is jointly liable with the other for their utterance and separate causes of action for slander may be joined in the same complaint under section 484 of the Code."

By that decision the Court of Appeals held that the conspiracy allegations contained in this complaint accomplished nothing beyond establishing common responsibility on the part of all of the defendants for the acts of any of the defendants who might be shown to have participated in the conspiracy. It was also clearly held that the separate slanders uttered by each of the defendants constituted separate causes of action.

The other authorities referred to in the dissenting opinion are inapplicable to the facts of this case. They were all cases where plaintiff had suffered a loss of a single piece of property or a single right but where that loss had been accomplished by a number of wrongful acts. In this case the plaintiff claims compensation for being deprived of at least five separate pieces of property by a series of wholly unrelated torts. He should be required to separately state and number these different causes of action.

The motion for reargument should be granted, and upon such reargument the order appealed from should be affirmed, with ten dollars costs and disbursements, and the order of this court entered herein on the 15th day of January, 1932, vacated.

McAvoy and O'Malley, JJ., concur; Martin, J., and Finch, P. J., dissent.

Martin, J. (dissenting). The plaintiff brought this action against a number of defendants to recover damages because of their fraudulent acts. The complaint alleges that in the absence of the plaintiff from New York, and at a time when he was believed to

be dead, the defendants jointly and severally conspired to and did usurp, convert and take unto themselves by improper and illegal means the plaintiff's property to his damage and to defendants' pecuniary profit.

False minutes of alleged meetings are said to have been prepared by several of the defendants. Other defendants, it is alleged, prepared minutes to show transfers of stock which in fact were never made, and to record an election of directors and an increase in the number thereof. Other allegations state that defendants pledged securities for personal loans without authority or right to do so, and wrongfully mortgaged property belonging to the plaintiff or the corporation which he controlled. These are but a few of the allegations which set forth the participation of all of the defendants in the conspiracy to obtain possession of the property of the plaintiff.

The facts narrated in the complaint consist of but a single cause of action. The gravamen of the complaint is the conversion by fraudulent means of the plaintiff's property arising out of a conspiracy by the defendants. The complaint does not allege that each defendant committed all of the acts; the acts of the defendants are alleged to have been separate and joint, having the ultimate object in mind to defraud the plaintiff of his property.

Although multiple, the facts are so closely interwoven that they constitute an integral part of a single cause of action. Each act or tort is not a distinct cause of action as claimed by the defendants, but is a constituent part of a complete conspiracy and fraud, for which the plaintiff seeks damages. Where a complaint alleges one ultimate tort arising out of the acts of numerous defendants, but a single cause of action is pleaded.

The complaint in this action is clear and concise. It recites the various steps in the fraud, the object of which was to deprive the plaintiff of his property. The acts alleged are not separate causes of action but are merely steps which constitute and form the cause of action which has been properly and tersely pleaded. No separate judgment is asked against any individual defendant, the prayer for relief being for a judgment against all defendants. The complaint alleges that all of the defendants were guilty of participation in the scheme or fraud and in obtaining the fruits thereof; that the fraud was not the result of any one person's acts, but of the concerted action of all the defendants; that some of the defendants performed a part of the fraudulent acts and others carried out other parts thereof; that all of the acts were performed in furtherance of the purpose to deprive the plaintiff of his property, and that they accomplished that result. The relations of the

various parties are set forth at length showing that they were all connected in some manner with the performance of the acts which were designed to wrongfully convert the property of the plaintiff. The facts set forth at length in the complaint form a chain by which each of the defendants is linked to a conspiracy to ruin and defraud the plaintiff.

The complaint in very simple language sets out the details of the fraud and the injury sustained thereby. It is the claim of the plaintiff that as a result of these concerted acts on the part of the defendants they wrongfully converted his property and damaged him to the extent claimed in the complaint. It seems to us wholly unnecessary to analyze the complaint in detail to show how each act is set forth, how several defendants participated in some of the acts, and how each defendant is linked with the fraud.

If plaintiff should be compelled to allege each tort as a single cause of action, it is quite possible he could not succeed in his action against some of the defendants. It is essential to the vitality and efficacy of the complaint that all of the concerted acts be kept intact, otherwise the cause of action might be destroyed.

In *Brackett* v. *Griswold* (112 N. Y. 454) the court said: " The allegation that there was a conspiracy to commit the fraud does not effect the substantial ground of action. The *gravamen* is fraud and damage, and not the conspiracy. The means by which a fraud is accomplished are immaterial except so far as they tend, in connection with the damage suffered, to show an actionable injury."

In *American Trading Co.* v. *Wilson Sons & Co.* (37 Misc. 76) Mr. Justice CLARKE, afterwards presiding justice of the Appellate Division, said: " In the case at bar there is but one cause of action, one subject-matter; the parties joined have one connected interest centering in the point at issue, one common point of litigation. * * * The multiplication of defendants does not necessarily increase the number of causes of action, even though such defendants are not jointly but merely severally liable. There is but one wrong and there can be but one reparation."

In *Kolel America Vatiferes Jerusalem* v. *Eliach* (29 Misc. 499) the court said: " The court will not adopt a construction of the pleading which would impute to the plaintiff an intention to plead separate causes of action unless, by reason of other circumstances which are not found in this case, such a conclusion is unavoidable."

In *Bush* v. *Murray* (209 App. Div. 563) Mr. Justice McAvoy, speaking for the court, said: " The allegations of the complaint state but one cause of action viewed in the light of the transactions

described and the relief sought. The first objection of defendant Fried to the complaint is that there is a misjoinder of causes of action. Plainly if but one cause of action is contained in the complaint, that objection is not tenable. His claim is that the acquisition by the defendants of the shares of stock in the Peppard Realty Co., Inc., adds a second cause of action to the rest of the complaint. This is plainly a misconception of the purpose of the allegation. It is included for two purposes: For the purpose of setting forth (a) that the plaintiffs were prevented from recovering the real property of which they had been deprived by the other acts of the defendants; and (b) that it is merely one of the steps in a series of acts constituting the whole conspiracy of the defendants to deprive the plaintiffs of their property. * * *

" All conspirators are joint tort feasors and may be sued either separately or jointly in one action.

" ' It is elementary law that one who has been injured by the joint wrong of several parties may recover his damages against either or all.' "

In *Rodgers* v. *Kerbaugh, Incorporated* (174 App. Div. 674, at p. 680; affd., 220 N. Y. 678) Mr. Justice DOWLING, writing for this court, said: " But the complaint in my opinion sets forth but a single cause of action, which is for the restoration to plaintiff of the notes belonging to him and for the rescission of the various agreements and the setting aside of the various acts by or under which defendants in furtherance of their conspiracy sought to effectuate their common purpose of depriving plaintiff of his property, the notes in question. The issuance of the preferred stock to plaintiff was but a step in this unlawful plot.

" * * * This prayer for judgment confirms plaintiff's contention that his cause of action is a single one, for the restoration to him of the notes he originally held and the declaration of his rights thereupon. I am of the opinion that despite the number of acts set forth as having been performed by defendants in furtherance of their conspiracy to fraudulently deprive plaintiff of the notes in question, but a single cause of action is stated in the complaint."

In *Ressler* v. *Samphimor Holding Corporation* (201 App. Div. 344) Mr. Justice MERRELL, writing for this court, said: " No separate judgment is sought herein against the defendant Abramson, but he and all of the defendants are sought to be held liable for said down payments by reason of their several participation in the alleged fraud and in the fruits thereof. The allegation of the complaint is that all of the defendants were financially interested

in the premises in question and would financially profit if the deal went through, and that all of them falsely represented to the plaintiffs that the annual income and rentals from said real property amounted to $34,000. Moreover, it is alleged in the complaint that the $11,000 which was paid by the plaintiffs upon said contract was distributed by the Samphimor Holding Corporation among all of the other defendants herein. It seems very clear to us that but a single cause of action is alleged and set forth in said complaint, namely, for equitable relief to obtain a rescission of the contract by reason of the false representations made by the defendants to the plaintiffs whereby the plaintiffs were induced to enter into the same, and, as incidental relief, that the plaintiffs recover of the defendants who have received as the avails of the fraud the moneys which the plaintiffs have paid thereon. The fair construction of the complaint is that all of the defendants conspired together for the purpose of defrauding the plaintiffs to their injury."

In *Pope* v. *Kelly* (30 App. Div. 253) we find the following: " So we say that when the matter is fairly doubtful, whether the complaint states more than one cause of action and the plaintiff intends to state but a single one, a motion of this character should not be granted, but the defendants left to their remedy by demurrer."

The case of *Green* v. *Davies* (83 App. Div. 216) correctly states the rule governing actions of this character. It was there said: " There is but one cause of action stated and that is that the plaintiff has been damaged by the united action of all of the defendants in pursuance of an agreement between them to accomplish an illegal purpose."

No appeal was taken from that decision. Thereafter the plaintiff amended his complaint and added thereto a number of causes of action which should not have been added. The case was again appealed to this court and, in 100 Appellate Division, 359, the complaint was sustained by a divided court. Thereafter upon appeal to the Court of Appeals the order was reversed. That court held that causes of action for slander and malicious prosecution or for malicious abuse of legal process cannot be united in the same complaint. (182 N. Y. 499.)

In *Inman* v. *Credit Discount Corporation* (230 App. Div. 505, at p. 508) this court said: " It may be that in setting forth a cause of action for fraud, facts are set out which might constitute a separate cause of action. That is not a valid objection to the complaint where such facts are necessary to the pleading of the more comprehensive cause of action in fraud."

The law with reference to this subject is stated in *Peabody,*

*Jr., & Co., Inc.,* v. *Travelers Ins. Co.* (206 App. Div. 206); *Squier* v. *Houghton* (225 id. 221); *De Ronde* v. *Bell* (116 id. 191); *Rourke* v. *Elk Drug Co.* (75 id. 145).

The complaint states but a single cause of action. The motion for reargument should, therefore, be denied.

FINCH, P. J., concurs.

Motion for reargument granted, and upon reargument order appealed from affirmed, with ten dollars costs and disbursements, and the order of this court entered January 15, 1932, vacated.