MOSS ESTATE, INCORPORATED, Brings this Action on Its Own Behalf and for the Benefit of All Other Taxpayers of the TOWN OF OSSINING, WESTCHESTER COUNTY, Plaintiff, v. TOWN OF OSSINING, Defendant.*— Upon the agreed statements of facts, judgment is unanimously directed for the defendant, dismissing plaintiff's claim for the recovery of a certain tax paid by it under protest, without costs.   In our opinion, the inclusion by the town board of the town of Ossining of the certificates of indebtedness, issued against uncollected taxes, was authorized by section 112 of the Town Law, subdivision 2, paragraph (b), and the statutes involved in this controversy are constitutional.   Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

DOUGLASS NEWMAN and Others, Respondents, v. GUARANTY TRUST COMPANY OF NEW YORK and Others, Defendants, and HARRY R. SWARTZ, Appellant.— Order denying motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements.   An action for money had and received, while one at law, is governed by equitable principles.   (*Schank* v. *Schuchman*, 212 N. Y. 352; *Chapman* v. *Forbes*, 123 id. 532; *Presser* v. *Central Trust & Savings Co.*, 189 App. Div. 721; *Commercial National Bank* v. *Sloman*, 121 id. 874; *Rathbone* v. *Stocking*, 2 Barb. 135; *Eddy* v. *Smith*, 13 Wend. 488; *Wright* v. *Butler*, 6 id. 284; *Claflin* v. *Godfrey*, 21 Pick. [Mass.] 1, 6.)   A rescission acted upon is governed by the same principles which control an equity action for rescission.   The joinder of defendant Swartz in an action for rescission could not be challenged.   (*Loud* v. *Clifford*, 254 N. Y. 216.)   For the same reasons a joinder in an action at law for money had and received, based on rescission, governed by the same equitable principles, is proper. (*Inman* v. *Credit Discount Corporation*, 230 App. Div. 505.)   There is no essential inconsistency between an action founded on a rescission against the defendants who received the moneys of the plaintiffs and one for damages growing out of the transaction rescinded, as a consequence of the deceit of the defendant Swartz.   As to Swartz, the plaintiffs would be entitled to damages, on a correct rule of admeasurement, suffered as a consequence of his fraud, whether those damages arose from a situation involving either affirmance or disaffirmance of the contracts.   The limitation upon the plaintiffs' right to prosecute simultaneous actions in affirmance and disaffirmance of the contract relates only to actions between parties to the contracts affirmed or disaffirmed.   Defendant Swartz does not come within that class. Young, Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., dissents and votes to reverse the order and grant the motion.   In an action in equity officers of a corporation may be joined with the latter to recover property obtained through fraud, but there is no authority submitted that the officers may be so joined in an action at law, except *Inman* v. *Credit Discount Corporation* (230 App. Div. 505).   In that case, however, it should be noted that the officers were enriched by the sale of their own stocks, although the fact is not mentioned in the opinion. I am in accord with O'Malley, J., dissenting in that case.   In the case at bar neither the corporation of which the appellant was an officer nor its receiver is a party defendant. .