SPRUILLE BRADEN, Plaintiff, *v.* EVELINE B. PERKINS and Others, Defendants.

Supreme Court, Special Term, New York County, July 11, 1940.

*Hartman, Sheridan & Tekulsky*, for the plaintiff.

*Milbank, Tweed & Hope*, for the defendants.

BENVENGA, J. This motion is made by the defendant Newbold to dismiss the complaint for failure to state a cause of action against him. The complaint sets forth certain causes of action in tort based on the alleged wrongful inducement of the breach of a contract which the plaintiff had with William H. Newbold Son & Company, a copartnership of which the moving defendant was and now is a partner. The question presented is whether the moving defendant can be held liable in a tort action for inducing a breach of contract by the partnership of which he was a member.

It is well settled that a director or officer of a corporation may not be held liable where his corporation has been allegedly induced by him to violate its contractual obligation. (*Greyhound Corp.* v. *Commercial Casualty Ins. Co.*, 259 App. Div. 317.) It would seem that the same principle applies with equal force to a member of a partnership. The argument that the conspiracy counts change the moving party's position is not persuasive. In the first place, these counts add nothing to the substantive causes of action pleaded. Despite the conspiracy allegations, the wrong about which the plaintiff complains is the tort of wrongful inducement of the breach of contract. (*Brackett* v. *Griswold*, 112 N. Y. 454, 466, 467; *Green* v. *Davies*, 182 id. 499, 503, 504; *Bob* v. *Hecksher*, 235 App. Div. 82, 83, 84.) Moreover, not only did the moving defendant, as partner, have a financial interest in his firm, but, in addition, he owed a duty, in such capacity, to his other partners, which gave him an absolute right to interfere with any contract which the

plaintiff may have had with the partnership or with any negotiations which the plaintiff may have been carrying on with the partnership. Such interference was privileged, excusable and justified. (*Knapp* v. *Penfield*, 143 Misc. 132, 133, 134.)

The motion is accordingly granted.