■ NORTHMON INVESTMENT COMPANY, Respondent and Counterclaim Defendant, v MILFORD PLAZA ASSOCIATES et al., Appellants. PHILIP MILSTEIN, Counterclaim Defendant-Respondent. [727 NYS2d 419] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered January 4, 2001, which, in a dispute between partners concerning appellants' authority to enter into a 99-year lease of real property constituting the partnership's only asset, found in respondents' favor that appellants lack such authority, dismissed appellants' counterclaims for tortious interference with prospective business relations and breach of fiduciary duty, and denied ap-

pellants' motion for leave to amend their counterclaims, unanimously affirmed, with costs.

Appellants lack authority to enter into the contemplated 99-year lease even if such lease were to be deemed in the ordinary course of the partnership's business. A partner's authority to bind the partnership to transactions apparently in the ordinary course of the partnership's business (*see,* Partnership Law § 20 [1]) does not affect the right of partners as between themselves to prevent contemplated transactions with third parties, or otherwise to assert their "equal rights in the management and conduct of the partnership business" (*see,* Partnership Law § 40 [5]). Appellants cannot impose their decision to enter into this lease upon respondents (*see, Riley v Maran,* 82 Misc 2d 702, 706-707; *see also,* Partnership Law § 40 [8]), and, indeed, respondents' right to interfere with this or any other contract or prospective contract involving the partnership is "absolute" and "privileged, excusable and justified" (*Braden v Perkins,* 174 Misc 885). Nor do the newly discovered partnership agreements avail appellants. Assuming such agreements are not, as the motion court found, merely reflective of Partnership Law § 20 (1), and can be fairly construed to preclude respondents' interference with a contemplated or consummated long-term lease, it remains that the agreements, on their face, terminate the partnership in 2075, many years before the contemplated 99-year lease would expire. Since such a lease cannot be deemed ordinary, respondents would not be bound by it (*see,* Partnership Law § 20 [2], [3] [b], [c]). Accordingly, appellants' motion to amend their counterclaims so as to assert these agreements was properly denied. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.