Pokoik v Steinberg (2026 NY Slip Op 00995)

Pokoik v Steinberg

2026 NY Slip Op 00995

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 653382/14 |Appeal No. 5891-5892|Case No. 2025-01385 2025-03339|

[*1]Leon Pokoik, et al., Plaintiffs-Appellants,
vMichael Steinberg, et al., Defendants-Respondents, Norsel Realties, Nominal Defendant-Respondent.

McDermott Will & Schulte LLP, New York (Robert J. Ward of counsel), for appellants.
Fox Rothschild LLP, New York (Stephanie Resnick of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.) entered on or about May 14, 2025, in favor of defendants, and bringing up for review an order, same court and Justice, entered on or about February 5, 2025, which, after a nonjury trial, dismissed with prejudice plaintiffs' causes of action for breach of fiduciary duty against defendants Michael Steinberg and Jay Lieberman, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The business judgment rule "provides that[] where corporate officers or directors exercise unbiased judgment in determining that certain actions will promote the corporation's interests, courts will defer to those determinations if they were made in good faith" (Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 274 [2016]). As relevant here, partners acting as fiduciaries are entitled to the same protections as corporate directors (see Levine v Levine, 184 AD2d 53, 59 [1st Dept 1992]). The deference afforded by the business judgment rule is not applicable where the challenged transaction is affected by an inherent conflict of interest (see Wolf v Rand, 258 AD2d 401, 404 [1st Dept 1999]), in which case the burden shifts to the defendant to prove the fairness of the challenged transaction (see id.).
Here, Supreme Court properly applied the business judgment rule where the shareholders, including plaintiffs, held roughly equal interests in the tripartite ownership structure made up of three entities holding their interests in the property, and no individual held a controlling position in nominal defendant Norsel Realties (see Marx v Akers, 88 NY2d 189, 202 [1996]; Matter of Yin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 465 [1st Dept 2019]; see also Lewis v S. L. & E., Inc., 629 F2d 764, 767 [2d Cir 1980]). Plaintiffs fail to submit credible evidence that defendants received any profit or other financial benefit that was not received by other shareholders in connection with their proportional ownership interest, nor that defendants were controlled or dominated by an interested party (see Owen v Hamilton, 44 AD3d 452, 456 [1st Dept 2007], lv dismissed 10 NY3d 757 [2008]).
The setting of the ground rent at issue here was properly ratified under Norsel's articles of partnership, which provide that partnership decisions only require a simple majority. The eighth amendment to the ground lease specifically contained the option for three lease extensions, including the first renewal embodied in the ninth amendment. It is undisputed that plaintiff Leon Pokoik was involved in the management of the three entities when the eighth amendment was executed in 1995, without any objection from him. Further, he financially benefitted from his interest in the three entities before and after the contemplated April 30, 2016 expiration date of the partnership. Thus, Norsel is not precluded from abiding by the terms of the ninth amendment and continuing the business of the partnership, at least through the expiration of the ninth amendment. Based on the foregoing, plaintiffs' reliance on Northmon Inv. Co. v Milford Plaza Assoc. (284 AD2d 250 [1st Dept 2001], lv dismissed 97 NY2d 677 [2001], lv denied 97 NY2d 743 [2002]) for the proposition that unanimous consent was required to extend the Norsel partnership past April 30, 2016, before executing the ninth amendment, is misplaced.
Because the business judgment rule applies here, it is unnecessary to reach the parties' arguments as to entire fairness review.
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026