The People of the State of New York, Respondents, *v.* William M. Tweed, impleaded, etc., Appellant.

In an action brought by the attorney-general in the name of The People under the act of 1875 (chap. 49, Laws of 1875) to recover moneys alleged to have been fraudulently obtained from a municipal corporation, the ordering of a bill of particulars is in the discretion of the court below, and its decision is not reviewable here.

So also a decision of the General Term refusing upon decision of the appeal from the order of Special Term to extend the time to demur to the complaint is a matter of discretion and not appealable.

The complaint in such an action alleged, in substance, that defendant T., who was one of a board of audit, unlawfully conspired with others to procure false and fictitious claims, to be set up, allowed and paid; that in pursuance thereof such claims were certified to by the members of the board as audited and allowed, in apparent compliance with the statute, when in fact they were not examined or audited, and upon such certificates they were paid. *Held,* that the complaint stated but one cause of action, *i. e.*, the fraudulently obtaining the money, the allegations as to the neglect of duty being statements simply of a step in the conspiracy by means of which the fraud was accomplished.

The complaint set forth in one count different acts of fraud in obtaining payment of many different fraudulent claims at different times. *Held,* that the complaint did not state separate and distinct causes of action, which, under section 167 of the Code, are required to be separately stated, but that the whole might be treated as a single cause of action.

The municipal corporation having been made a party defendant, *held,* that

it was not necessary to set forth in the complaint specifically its interest in the cause of action.

It is within the discretion of the court below whether to compel an election between two causes of action stated in the same count of a complaint, also whether to require them to be separately stated and numbered, and its refusal so to do is not reviewable here.

(Argued November 9, 1875; decided November 16, 1875.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing in part and affirming in part an order of Special Term hereinafter set forth.

This action was brought under the provisions of the act chapter 49, Laws of 1875. The complaint alleged in substance the passage of the act (chap. 382, Laws of 1870) "to make further provision for the government of the county of New York" (by which provision was made for the auditing of all liabilities against said county by the mayor and the comptroller of the city and the then president of the board of supervisors); that at the time of its passage the defendant Tweed was president of the board of supervisors of said county; that he with intent to cheat and defraud the county and its tax-payers fraudulently conspired with one Watson to procure false and pretended claims to be set up, allowed and paid in formal compliance with said act; that accordingly they procured various pretended claims to be made up purporting to be liabilities of the county, but which did not in fact represent any actual liabilities, amounting in the aggregate to $6,198,957.85, specified in a schedule annexed, which were presented and by the procurement of said conspirators were certified to by the three auditors named, in apparent and formal compliance with the act, but in fact that said claims were never examined or audited by them; that warrants for the payment thereof were issued by the comptroller; that bonds were issued as prescribed by said act to obtain moneys to pay the amounts so certified, and the avails whereof were used in payment of said warrants, and that said conspirators converted

to their own use the moneys so fraudulently obtained. The city corporation was made a party defendant. The only allegation in the complaint in reference to its interest was that "the said defendants The Mayor, Aldermen and Commonalty of the City of New York set up and pretend to some right or interest in the premises." In the schedule annexed were set forth and described some 150 different claims, certified to at different dates and paid upon separate warrants.

Motions were made ·on behalf of defendant Tweed. First. That plaintiffs be compelled to furnish a bill of particulars specifying what portions of the accounts and claims and what items therein are claimed to be false or fictitious or fraudulent, and that the claims of the city be more definitely stated. Second. That plaintiffs be compelled to make the complaint more definite and certain by stating whether every item in the claims set forth in the schedule is false, fictitious and fraudulent; and if so, in what respects, whether any materials were furnished and labor done; and if so, what was the excess charged above the fair or agreed price. Third. That plaintiffs be compelled to make the complaint more definite and certain by stating the various causes of. action separately and plainly numbering them. Fourth. That the complaint be set aside because the causes of action are not separately stated or plainly numbered; that so much of the complaint as does not relate to the first warrant alleged to have been fraudulently issued be stricken out, and that either all allegations of neglect to audit or all allegations of fraud and conspiracy be stricken out as irrelevant and redundant, and that plaintiffs should be compelled to elect upon which one of the warrants set forth they intend to rely, and to serve an amended complaint omitting so much of the present complaint as relates to the others, and that they be compelled to elect whether they will proceed on the allegations of fraud or the allegations of neglect to audit.

The motions were heard together, and the court made an order, of the material portion of which the following is a copy:

" First. That the plaintiffs serve upon the attorneys for the defendant Tweed, within twenty days from the entry of this order and notice thereof, an amended complaint, wherein :

" 1. They shall specify what right or interest in the premises The Mayor, Aldermen and Commonalty set up or pretend to.

" 2. They shall either strike out so much of the complaint as sets forth the alleged neglect to audit the claims against the city   *   *   *   or shall state in the complaint that they do not rely upon the neglect to audit as a cause of action ; or if they elect to sue for the alleged neglect, they shall strike out so much of the complaint as sets forth any fraud, conspiracy or combination on the part of the said Tweed and Watson.

" Second. That the plaintiffs serve upon the attorneys for defendant Tweed, within twenty days from the entry of this order and notice thereof, a bill of particulars of the plaintiffs' claim, setting forth, in full and in detail : first, the whole or such parts of, and items in, each of the bills, accounts, vouchers or warrants mentioned in the complaint as they claim to have been false ; and second, the whole or such parts of items as they claim to have been fictitious ; and third, the whole or such parts of items as they claim to have been fraudulent, and setting forth in each case the parts, portions or items of such bills, accounts, vouchers or warrants as they claim represent supplies, materials or labor not furnished to the plaintiffs, giving the description, date and amount thereof, and such parts, portions or items as they claim to have been overcharged, or in any other respect false or erroneous, stating the amounts and descriptions of supplies, materials and labor actually charged, and the prices at which they were charged, and also setting forth the prices at which it is claimed they should have been charged.

" Third. That so much of said motions as are not hereby granted are denied.

"And it is further ordered that the time for the defendant Tweed to answer, demur or take any other action to which he may be entitled, is extended until the expiration of twenty

days after such amended complaint and such bill of particulars shall have been served upon his attorneys."

Both parties appealed. The General Term reversed so much of the order as is comprised in the first and second divisions thereof, and so much as extends the time for answering or demurring, and denied the motions giving defendant Tweed seven days from service of copy order to answer.

*David Dudley Field* for the appellant. The order of the General Term was appealable. (*Fredericks* v. *Taylor*, 52 N. Y., 598.) The different acts of fraud set forth in the complaint were so many separate causes of action and should have been separately stated. (Code, § 167; *Jones* v. *Baker*, 7 Cow., 448; *Tappen* v. *Powers*, 2 Hall, 77; *Hutchins* v. *Hutchins*, 7 Hill, 107; *Forsyth* v. *Edminston*, 11 How. Pr., 409.)

*W. H. Peckham* for the respondents. The order was not appealable to this court. (Code, §§ 11, sub. 4, 158, 160; *Flanagan* v. *Cassidy*, 1 Alb. L. J., 20; *Humphrey* v. *Chamberlain*, 11 N. Y., 274; *Van Slyke* v. *Hyatt*, 46 id., 262; *Fredericks* v. *Taylor*, 52 id., 598; *Foote* v. *Lathrop*, 41 id., 361; *Field* v. *Stewart*, 2 Swe., 193; 8 Abb. Pr. [N. S.], 193; *In re Duff*, 10 id., 416; 41 How. Pr., 350; *Livermore* v. *Bainbridge*, 56 N. Y., 74; *Tilton* v. *Beecher*, 48 How. Pr., 175; *Ice Co.* v. *Ins. Co.*, 23 N. Y., 357; *Tabor* v. *Gardner*, 41 id., 232; *Howell* v. *Mills*, 53 id., 335; *Gray* v. *Fisk*, id., 630; *Kerr* v. *Hays*, 35 id., 331.) Bills of particulars are ordered only on special cause shown. (*Willis* v. *Bailey*, 19 J. R., 269; *Horlock* v. *Lediard*, 10 M. & W., 677; 12 L. J. [Exch.], 33.) The allegations of the complaint as to different acts of fraud were properly contained in one count. (*Gaffney* v. *Colville*, 6 Hill, 578; *Acorne* v. *Am. M. Co.*, 11 How. Pr., 27; *Rowland* v. *Phalen*, 1 Bosw., 44; *Adams* v. *Holley*, 12 How. Pr., 329; *Longworthy* v. *Knapp*, 4 Abb., 115.)

MILLER, J. The questions arising upon this appeal are purely legal and must be disposed of according to strict legal

rules.   As to that portion of the order in relation to a bill of
particulars, it is sufficient to say that it was a matter purely
discretionary as was recently held by this court in the case of
*Tilton* v. *Beecher* (59 N. Y., 176).   No question arises as to
the burden of proof which presents an exception which takes
the case out of this general rule.   The refusal of the court
to extend the time to demur upon the decision of the appeal
from the order of the Special Term, was also a matter of dis-
cretion, with the exercise of which this court should not
interfere.   The defendant could have demurred to the com-
plaint in the first instance had he chosen to do so, and
thus have presented the question as to whether the city was
a proper party, as well as such others as could properly
arise in that form.   As he sought by motion to have the
pleading made more specific he has no just ground for com-
plaint that the court, in view of all the facts, compelled him
to answer.   Nor does the stipulation of the plaintiffs' attor-
neys in any way affect the question, for it was superseded
by the order of the Special Term which gave the defendant
time to answer or demur, etc., until twenty days after the
service of an amended complaint.   When that order was
reversed on appeal the court had full power to direct what
terms should be imposed upon the defendant.

   The complaint does not contain a separate charge for neg-
lect and another for a conspiracy.   It purports to give a his-
tory of the acts connected with the conspiracy, and therein it
appears by way of narrative that the defendant and his asso-
ciates were justly chargeable with negligence as well as fraud
in the performance of their official duty. . This clearly is not
a separate and distinct claim for a neglect of duty upon
which the action was based, but a statement of a fact auxil-
iary to and in aid of the general charge of conspiracy, by
means of which the money was obtained.   It may be regarded
as a part of the alleged conspiracy and appropriately inserted
in presenting its real character and as constituting a portion
of the cause of action against the defendant.   The question
as to compelling an election therefore, between the charge of

conspiracy and the charge of neglect, does not arise. Even if it did the right to compel an election would also be a matter of discretion of the court to which the application was addressed.

The learned counsel for the defendant insists that the different acts of fraud referred to in the complaint and specifically stated in the schedule, should be stated separately in conformity with section 167 of the Code. In this, I think, he is entirely in error. This position is based upon the ground that each of the items constitutes a separate, distinct and independent transaction, and therefore each one of them forms of itself one cause of action. I am at loss to see how such can be the case in an action like the present any more than in a case where the action is brought upon an account composed of different articles furnished at different times and of various amounts. The pleader here alleges, that by virtue of an act of the legislature it was enacted that all liabilities against the county of New York should be audited by certain officers who were named, and be paid to the parties entitled to receive the same upon the certificate of said officers. That with the intent to cheat and defraud, the defendant Tweed and one Watson did unlawfully and fraudulently combine, conspire and agree together to procure false and pretended claims to be set up, allowed and paid in formal compliance with the said act. That these pretended claims, falsely alleged and purporting to be such liabilities of the county, amounting to over $6,000,000 as specified in the schedule annexed, which was made a part of the complaint, were in apparent formal compliance with the act, certified to have been audited and allowed when they were not examined or audited, and only one meeting of the board of auditors was ever held at which no accounts, claims or liabilities against the county were presented or considered, or any proceeding had thereat, except that a paper which is set forth was subscribed by said auditors. That said Watson, or his assistants, acted upon said pretended accounts or claims in the schedule and attached certificates to the same, and that

Opinion of the Court, per MILLER, J.

they were all false, fictitious and fraudulent and did not repre-
sent any liabilities against the county which were directed to
be audited, provided for or paid within the meaning of the
act.    Some other allegations are made not material to
be stated.    As the complaint alleges that all the items
set forth in the schedule were fraudulent and certified in
pursuance of a general conspiracy, a statement in detail
of each one separately would be unnecessary, and there is
no rule of law which requires such detailed particularity
in stating a cause of action of this character.    At common
law, in ordinary actions of assumpsit a general statement
of an account comprehending numerous causes of action is
regarded as sufficient.    There is less reason for requiring
a more particular statement under the Code, which was
designed to simplify pleadings and would fail to accomplish
its purpose if so great and tedious prolixity was demanded.
Even although in an indictment under the strict rules appli-
cable to criminal pleadings, separate counts are required for
each item, this rule bears no analogy to a case where a cause
of action arises embracing a large number of items.    The
auditing of each item of the entire claim did not constitute a
single act of fraud of itself, which necessarily and for that rea-
son must be prosecuted as a separate cause of action, but is
one of a series of acts in connection with a general conspiracy
alleged, which forms a part of the entire action and the whole
demand of the plaintiffs.

The case of *Forsyth* v. *Edminston* (11 How. Pr. R., 409),
which is cited, bears no analogy to the case at bar, and presents
entirely different aspects.    The question now presented did
not arise, and none of the cases referred to are in conflict
with the views expressed.    It should be entirely clear upon
a motion to the court to compel the plaintiff to make his com-
plaint more definite and certain, that the pleading is insuffi-
cient, before the court should interfere, and unless such is
plainly the case, the relief demanded should be refused.    It
is not apparent here that there was any defect in this respect,
and as such applications are addressed very much to the dis-

cretion of the court, the decision of the General Term is final, and no-appeal lies therefrom, to this court. (*Matter of Duff*, 10 Abb. [N. S.], 416.)

It was not necessary that the interest of the city should be stated specifically, and it was quite enough to set forth that it had some right or interest in the premises.

From the observations made, and independent of any other considerations, it is evident that the decision of the General Term was made upon all the points presented in the exercise of a legal discretion existing in that court, and no legal right having been violated, it is not the subject of review in this court. (See *Howell* v. *Mills*, 53 N. Y., 335; *Livermore* v. *Bainbridge*, 56 id., 72; *Tabor* v. *Gardner*, 41 id., 232.)

The appeal should, therefore, be dismissed, with costs.

All concur; Allen and Earl, JJ., in result.

Appeal dismissed.