(75 App. Div. 145.)

ROURKE et al. v. ELK DRUG CO. et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. CONSPIRATORS—SEVERAL LIABILITY.
　　Persons joining in a conspiracy to injure the business of another are liable severally, and need not be joined in an action for damages.

2. SAME—COMPLAINT—SEVERAL CAUSES OF ACTION.
　　A complaint for injury to plaintiff's business resulting from a conspiracy against him, setting up the various acts done and methods pursued in carrying out the common design, does not state several causes of action, but only one cause.

3. SAME—UNINCORPORATED ASSOCIATION—ACTION—PARTIES.
　　Under Code Civ. Proc. § 1919, providing that "an action * * * may be maintained against the president or treasurer of an unincorporated association * * * upon any cause of action, for or upon which the plaintiff may maintain such an action * * * against all the associates by reason of * * * their liability therefor either jointly or severally," an action may be maintained against the president of such an association to recover damages resulting from a conspiracy entered into by all its members to injure plaintiff's business.

4. SAME.
　　The right to maintain such action against the president is not affected by joining some of the associates as parties defendant.

5. SAME—COMPLAINT—CAUSE OF ACTION AT COMMON LAW.
　　A complaint charging defendants as co-conspirators with making threats, with intimidation, with libels on plaintiffs' business reputation calculated to destroy their business, with the use of slanderous language affecting their business character, and directly affecting their business, and with interfering with their advertising, and preventing them in reaching customers in the ordinary way, clearly shows a cause of action at common law.

6. SAME—MONOPOLY—STATUTORY RIGHT OF ACTION.
　　Under Laws 1899, c. 690, declaring every combination whereby a monopoly in the manufacture or sale in the state of any article in common use is created or maintained to be illegal, and prescribing a penalty therefor, any person suffering special injury on account of any such combination has a right of action therefor.

Appeal from trial term.

Action by John H. Rourke and another against the Elk Drug Company and others. From a judgment sustaining defendants' demurrers to the complaint, plaintiffs appeal. Reversed.

The grounds of demurrer are: First, defect of parties defendant; second, that causes of action have been improperly united; third,

¶ 1. See Conspiracy, vol. 10, Cent. Dig. § 17.

that the complaint does not state facts sufficient to constitute a cause of action.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Wilber & Yetter (A. D. Wales, of counsel), for appellants.

Hinman, Howard & Kattell, for respondents.

KELLOGG, J. The specification of the demurrers on the first ground—defect of parties defendant—is the failure to join several others as defendants whom the complaint charges to be co-conspirators. The action is in tort, and each tort feasor is liable severally if at all. The demurrers are not, therefore, good on the ground first stated.

The complaint does not offend by uniting improperly several causes of action. There is but one cause of action alleged. The plaintiffs' grievances seem to be in the injury to their business as druggists, caused by these defendants doing various acts in pursuit of a single purpose, to wit, the ruin of the business of the plaintiffs. The circulating of libelous matter is charged to have been a step in the scheme; so, also, the slanders uttered. The charge is a conspiracy of all the defendants to accomplish the unlawful purpose stated; and enough is declared in the complaint to make each of the defendants responsible for the libelous matter published by either, or the slanderous words uttered by either, of the co-conspirators, when so published and uttered to accomplish the common purpose. The second ground stated in the demurrers is therefore not tenable.

The complaint, I think, states a cause of action against the Binghamton Retail Druggists' Association,—an unincorporated company,—and a cause of action against each of the other defendants named. The association has members not named as defendants. By the allegations of the complaint, all the members of that association are severally liable, and a judgment taken against the president is good against the property of the association only. The president cannot be held on a body execution, though the action be in tort. An action in tort, however, may, I think, be maintained against the association, as such, where all the members are charged with committing the wrong through the association. The portion of section 1919 of the Code of Civil Procedure which authorizes such an action reads as follows:

"An action or special proceeding may be maintained against the president or treasurer of such an association * * * upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding against all the associates by reason of * * * their liability therefor either jointly or severally."

The complaint seems to allege all the necessary facts to entitle plaintiffs to maintain an action, under this provision of the Code, against the president of the association, if it alleges any cause of action at all. The fact that some of the members of the association have been also made defendants does not diminish the force of the alleged facts, regarded as creating a cause of action against the president. If there are too many defendants, because of any Code pro-

vision regulating practice, that cannot be considered in a demurrer on the ground of failure to state a cause of action, when the cause of action alleged is in tort. The complaint alleges a clear cause of action against each of the defendants. It alleges a conspiracy, into which all entered, to accomplish an unlawful purpose by unlawful means. The defendants, as co-conspirators, are charged with making threats; with intimidation; with libels upon plaintiffs' business reputation, calculated to destroy their business; with the use of slanderous language affecting their business character and directly affecting their business; with interfering with their advertising, and preventing them from reaching customers in the ordinary way; and many other things are charged which clearly show a cause of action in plaintiffs at common law. Then, again, the complaint charges the defendants with forming a combination among themselves and with others for the unlawful purpose of preventing the free pursuit of a lawful business, of increasing the price of commodities in common use, and of preventing competition in trade in certain articles, all of which things are expressly prohibited by statute, and made a misdemeanor. Chapter 690, Laws 1899. The statute referred to reads as follows:

"Section 1. Every contract, agreement, arrangement or combination whereby a monopoly in the manufacture, production or sale in this state of any article or commodity of common use is or may be created, established or maintained, or whereby competition in this state in the supply or price of any such article or commodity is or may be restrained or prevented, or whereby for the purpose of creating, establishing or maintaining a monopoly within this state of the manufacture, production or sale of any such article or commodity, the free pursuit in this state of any lawful business, trade or occupation is or may be restricted or prevented, is hereby declared to be against public policy, illegal and void.

"Sec. 2. Every person or corporation, or any officer or agent thereof, who shall make or attempt to make or enter into any such contract, agreement, arrangement or combination, or who within this state shall do any act pursuant thereto, or in, toward or for the consummation thereof, wherever the same may have been made, is guilty of a misdemeanor."

The combination charged being prohibited and made criminal, every act of the defendants in furtherance of the object of the combination was unlawful, and any person suffering special injury on account of any of such acts has a right of action. It makes no difference whether such acts, if done by an individual not in the combination, might have been lawful, and a person suffering therefrom would be without remedy. The same acts done by agreement or combination of several are made unlawful, and for that reason a right of action follows. The case is different with associations known as "labor unions." The ostensible object of such associations is a lawful one, and has been so declared by the courts. Association v. Cumming, 170 N. Y. 315, 63 N. E. 369. What one member of such an association may lawfully do, the association may lawfully do. But the same theory does not hold with an association whose aim is to commit a statutory crime. Here nothing may be done in furtherance of the purpose for which it has combined. Every act is unlawful, and for that reason a right of action accrues to each person who suffers an injury.

The interlocutory judgments are each reversed, with costs, and the demurrers are each overruled, with costs, with usual leave to answer over on payment of costs. All concur.