acts or negligence as agent of the company, and amounts lost by the company through such wrongful acts or negligence are evidence of the damages; but are not specifically recoverable. Mutual Life Ins. Co. v. McCurdy (argued and decided herewith) 103 N. Y. Supp. 829. It was not necessary, therefore, to allege the dates or amounts of the payments, or the facts with respect to each. That information may, in a proper case, be obtained by a motion for a bill of particulars after issue joined.

Plaintiff for its second cause of action further alleges that in the years 1896, 1900, and 1904 defendant, acting in concert with certain other officers of the company and in disregard of his duty to plaintiff to preserve its property from waste, approved of and participated in paying out $92,000 of its funds for political campaign contributions, which were wholly unauthorized. These allegations show a cause of action both for mere negligence and for wrongful acts as agent of the company; and as a cause of action upon either theory might arise on those facts, plaintiff should not be required, at this time, at least, to make an election by making the complaint more definite and certain. Mutual Life Ins. Co. v. McCurdy, supra.

In the fifth count plaintiff further alleges that during the period from January, 1900, until the close of the year 1905, defendant acted in concert with certain officers of the company, who, without authority and pursuant to a preconcerted arrangement, established and maintained with plaintiff's moneys a "confidential fund," which they disbursed without authority and for unlawful purposes; that plaintiff knew, or should have known, these facts; and that, acting in concert with them, he approved of and participated in the establishment, maintenance, and disbursement of said fund, and neglected to perform his duty to prevent, or attempt to prevent, such waste of funds of the company, or to give notice to plaintiff's board of trustees and to its policy holders, to its damage in the sum of $600,000. The reason already assigned for denying the motion as to the second cause of action is controlling here, and leads to a like decision.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

---

(118 App. Div. 827)

MUTUAL LIFE INS. CO. OF NEW YORK v. McCURDY et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

ACTION—SINGLE OR SEVERAL CAUSES OF ACTION—COMPLAINT.

The complaint in an action at law against A. and H. to recover various sums, aggregating a certain amount, alleged to have been abstracted from plaintiff insurance company by defendants, acting in concert and pursuant to a preconceived plan by which they fraudulently conspired and agreed, at a time when A. was president of plaintiff, to obtain, and did obtain, large sums from plaintiff for the benefit of H., through the employment of a firm, of which H. was a member, as an agent of plaintiff, on an unusual contract of agency, made without authority, by which the firm was paid exorbitant commissions, grossly in excess of the fair and reasonable compensation for the services rendered, states but a single cause of action for moneys lost to plaintiff through the fraudulent acts of defendants, acting in concert, in executing a preconceived conspiracy to obtain the moneys from

plaintiff wrongfully and without authority, though renewals of the agreements from time to time at increased commissions are alleged; it being stated that this was pursuant to the original corrupt and fraudulent agreement and conspiracy, and such renewals, therefore, merely constituting steps in the consummation of the single scheme, plan, and purpose conceived at the outset to wrongfully and fraudulently obtain the moneys from plaintiff.

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company of New York against Richard A. McCurdy and another. From an order denying a motion to make the complaint more definite and certain, and requiring that the facts constituting the several causes of action be separately numbered and stated, defendants appeal. ·Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

De Lancey Nicoll (Courtland V. Anable, on the brief), for appellants.

Joseph H. Choate (James McKeen and Joseph H. Choate, Jr., on the brief), for respondent.

LAUGHLIN, J. This is an action at law to recover various sums of money, aggregating $1,002,841.66, alleged to have been wrongfully abstracted from the plaintiff by the defendants, who are father and son, acting in concert and pursuant to a preconceived plan, by which they fraudulently conspired and agreed, at a time when the father was president of the company, to obtain, and did obtain, large sums of money from it, for the benefit of the defendant Robert H. McCurdy, the son, through the employment of a firm, of which he was a member, as an agent of the company, on an unusual contract of agency, made without authority, by which the firm was paid exorbitant commissions, grossly in excess of the fair and reasonable compensation for the services rendered, and by the appointment of the defendant Robert H. McCurdy to the office of superintendent of the foreign department of the plaintiff at an exorbitant salary, grossly in excess of the fair and reasonable compensation for the services rendered.

The allegations of the complaint are sufficiently definite. Although renewals of the agreements from time to time at increased commissions are alleged, yet it is alleged that this was pursuant to the original corrupt and fraudulent agreement and conspiracy, and therefore they merely constituted steps in the consummation of the single scheme, plan, and purpose conceived at the outset to wrongfully and fraudulently obtain the moneys from the company. The complaint states but a single cause of action to recover the moneys lost to the company through the fraudulent acts of the defendants, acting in concert in executing a preconceived conspiracy to obtain the moneys from the company wrongfully and without authority. People v. Tweed, 63 N. Y. 194; Bosworth v. Allen, 168 N. Y. 157, 165, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; Mabon v. Miller, 81 App. Div. 10, 80 N. Y. Supp. 979.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.