(118 App. Div. 828)

MUTUAL LIFE INS. CO. OF NEW YORK v. RAYMOND et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

PLEADING—COMPLAINT—INDEFINITENESS.

 The reasonable inference from the count of a complaint alleging that between January, 1893, and November, 1905, defendants, one of them president of plaintiff insurance company, the others the members of a firm, acting jointly, wrongfully and without authority took certain money, the property of plaintiff, consisting of checks, bills, and coins, of the amount of $500,000, and wrongfully converted it to their own use, to plaintiff's damage in such amount, is that the wrong was not a single act of conversion, but many acts at different times, quite removed and disconnected from one another, constituting separate causes of action, so that the count should be made more definite and certain with respect to whether it is claimed that the property was converted by a single act or transaction.

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company of New York against Charles H. Raymond and others. From an order denying a motion to strike out as irrelevant and redundant certain matters alleged in the complaint and to make the complaint more definite and certain, and requiring that the statement of the facts constituting the separate causes of action be separately numbered and stated, defendants appeal. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

De Lancey Nicoll (Courtland V. Anable, on the brief), for appellants.

Joseph H. Choate (James McKeen and Joseph H. Choate, Jr., on the brief), for respondent.

LAUGHLIN, J. The complaint contains two counts. The first alleges a fraudulent and corrupt agreement and conspiracy between the appellant, who was president of the plaintiff, and the other defendants, who composed the firm of Charles H. Raymond & Co., the defendant Thebaud being son-in-law to said McCurdy, to enrich the firm, and particularly Thebaud, at the expense of the plaintiff, by which the firm was to receive, and did receive, as general agent of the plaintiff, compensation at special and exorbitant rates, exceeding the fair and reasonable compensation for the services rendered or to be rendered by the sum of $750,000, and other moneys, aggregating $500,000, for which plaintiff was to receive and did receive no consideration, to plaintiff's damage in the sum of $1,250,000. The observations in Mut. Life Ins. Co. of N. Y. v. McCurdy and Another (argued and decided herewith) 103 N. Y. Supp. 837, answer the objections to the order presented on this appeal, so far as the first count of the complaint is concerned, and render further discussion thereof unnecessary.

In the second count the plaintiff alleges its incorporation and that "between the 1st day of January, 1893, and the 17th day of November, 1905, the defendants, acting jointly, wrongfully and without authority, took certain money, the property of the plaintiff, consisting of checks,

bank bills, United States notes, treasury notes, gold and silver coin, of the amount and value of five hundred thousand dollars ($500,000), and wrongfully converted the same to their own use, to the damage of the plaintiff" in the sum of $500,000. I am of opinion that this count should be made more definite and certain. It is possible that the conversion of this property constituted only a single transaction, but that is highly improbable. It is not alleged to have been converted all on the same day, but during a period covering nearly 13 years. Various kinds of property are involved, and the amount is very large. The reasonable inference is that this wrong was not a single act of conversion, but many acts at different times, quite remote and disconnected from one another. The count should therefore be made more definite and certain with respect to the time, and with respect to whether it is claimed that the property was converted by a single act or transaction, and, if there was more than one conversion, the causes of action should be separately stated and numbered.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, as to the second cause of action, as indicated in this opinion. All concur.