THE TRAVELERS INSURANCE COMPANY, Appellant, *v.* CHIARELLO STEVEDORING Co., INC., and Others, Respondents, Impleaded with EAST COAST STEVEDORING COMPANY, INC.. and Others, Defendants.

First Department, October 28, 1932.

*Ezra P. Prentice* of counsel [*Prentice, Collins & Dwight*, attorneys], for the appellant.

*Solomon Goodman* of counsel, for the respondents.

MARTIN, J. The plaintiff in this action is seeking to recover additional sums due as premiums on policies of workmen's compensation and public liability insurance issued by it to the defendant Chiarello Stevedoring Co., Inc. All the defendants other than the Chiarello Stevedoring Co., Inc., were brought in as parties upon the theory that they are liable for damages as a result of an alleged conspiracy to defraud the plaintiff by concealing the actual payrolls of the Chiarello Stevedoring Co., Inc., and that certain of the defendants had received assets and property of the defendant Chiarello Stevedoring Co., Inc., in an effort to conceal certain fraudulent transactions.

The complaint alleges that the plaintiff insured the defendant Chiarello Stevedoring Co., Inc., under the workmen's compensation and public liability policies for the period from November 27, 1925, to November 27, 1928, and that the defendant agreed to pay premiums on the policies issued based on its payrolls each year; that the defendants other than Chiarello Stevedoring Co., Inc.,

conspired to defraud the plaintiff by concealing the remuneration earned by the employees of that company and by falsely representing that the number of persons employed by the company and the amount of remuneration earned by its employees was less than the actual number of employees and the actual amounts earned by them, and by concealing and disposing of the assets of Chiarello Stevedoring Co., Inc., in order to prevent plaintiff from recovering the amount due from it.

It is also alleged that in pursuance of the conspiracy the defendants concealed from plaintiff the books and records of the Chiarello Stevedoring Co., Inc.; that as a part of the fraud they organized a corporation under the name of American Stevedores, Inc., and transferred the assets of the Chiarello Stevedoring Co., Inc., without consideration to that company and to Pasqualina Chiarello. Paragraph seventeenth of the complaint sets forth, on information and belief, the amounts of the payrolls which were concealed by the defendants on the dates set forth in that paragraph, and the premiums due thereon.

The motion which resulted in the orders appealed from was made to compel the plaintiff to separately state and number its alleged causes of action.

The torts complained of were similar, except that each was committed at a different time and the misrepresentations related to different amounts of money. It was in concealing the true payrolls and fraudulently representing that a false payroll was the true payroll when the duty existed to disclose the true payrolls, that is alleged to have resulted in the fraudulent transactions.

The complaint states but one cause of action for damages for defrauding the plaintiff out of premiums due. The fact that the fraud was carried out by a series of acts or concealments and misrepresentations committed once each month during a period of three years, and that each concealment was of a different sum of money or for a different period of time, does not preclude the plaintiff from setting forth all these acts in one cause of action.

When a series of acts committed by conspirators acting in pursuance of a common scheme result in damages, the facts may be set up as one cause of action.

In *People* v. *Tweed* (63 N. Y. 194) the court said: " The learned counsel for the defendant insists that the different acts of fraud referred to in the complaint and specifically stated in the schedule should be stated separately in conformity with section 167 of the Code.\*   In this, I think, he is entirely in error. This position is

---

\* See Code Proc. § 167; Code Civ. Proc. §§ 483, 484; Civ. Prac. Act, § 258; Rules Civ. Prac. rule 90.—[Rep.

based upon the ground that each of the items constitutes a separate, distinct and independent transaction, and therefore each one of them forms of itself one cause of action.   *   *   *

"As the complaint alleges that all the items set forth in the schedule were fraudulent and certified in pursuance of a general conspiracy, a statement in detail of each one separately would be unnecessary, and there is no rule of law which requires such detailed particularity in stating a cause of action of this character."

In *Rodgers* v. *Kerbaugh, Inc.* (174 App. Div. 674; affd., 220 N. Y. 678) this subject was considered.  It was there said: "Defendants contend that three causes of action are attempted to be set forth in the complaint: (1) For rescission of the two contracts annexed to the complaint on the ground of fraud; (2) for damages for breaches of these contracts; (3) for fraud in the performance of the contracts.

"Plaintiff insists that while many wrongful acts of defendants are set forth they are but successive steps in a common purpose, which was to cheat and defraud the plaintiff out of the notes held by him and their value and in order to enrich themselves to the amount and value of said notes."

In *Bliss* v. *Winters* (38 App. Div. 174, 176) the court in a similar case held that the gravamen of the action was fraud and the means resorted to for its accomplishment were but enumerations of the instances and results of the fraud.  (See, also, *Young* v. *Equitable Life Assurance Soc.*, 112 App. Div. 760, and *Ellery* v. *People's Bank of City of New York*, 139 id. 928.)

The complaint charges all the defendants with participating in a single conspiracy to defraud the plaintiff by a series of connected acts of misrepresentation, concealment and the disposition of assets.

Although multiple, the facts are so closely interwoven that they constitute an integral part of a single cause of action.  Each act or tort is not a distinct cause of action as claimed by the defendants, but is a constituent part of a complete conspiracy and fraud, for which the plaintiff seeks damages.  Where a complaint alleges one ultimate fraud arising out of the acts of numerous defendants, but a single cause of action is pleaded.

The complaint in this action is clear and concise.  It recites the various steps in the fraud, the object of which was to deprive the plaintiff of its premiums.  The acts alleged are not separate causes of action but are merely steps which constitute and form the cause of action which has been properly and tersely pleaded.  No separate judgment is asked against any individual defendant, the prayer for relief being for a judgment against all defendants.  The complaint also alleges that all of the defendants were guilty of participation in the fraudulent scheme and in obtaining the fruits

thereof; that the fraud was not the result of any one person's acts but of the concerted action of all the defendants; that some of the defendants performed a part of the fraudulent acts and others carried out other parts thereof; that all of the acts were performed in furtherance of the purpose to deprive the plaintiff of the premiums and that defendants accomplished that result.

In *Brackett* v. *Griswold* (112 N. Y. 454, at p. 466) the court said: " The allegation that there was a conspiracy to commit the fraud does not effect the substantial ground of action. The *gravamen* is fraud and damage, and not the conspiracy. The means by which a fraud is accomplished are immaterial except so far as they tend, in connection with the damage suffered, to show an actionable injury."

The case of *Green* v. *Davies* (83 App. Div. 216) correctly states the rule governing actions of this character. It was there said: " There is but one cause of action stated and that is that the plaintiff has been damaged by the united action of all of the defendants in pursuance of an agreement between them to accomplish an illegal purpose."

Actions of this character may be much more readily disposed of by this method of pleading than by attempting to set forth every alleged tort as a separate cause of action. (*People* v. *Tweed*, *supra*.)

The orders appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendants, respondents, to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer within twenty days from service of order upon payment of said costs.

