**ORIGINAL BALLET RUSSE, Limited, v. BALLET THEATRE, Inc., et al.**
No. 106.

Circuit Court of Appeals, Second Circuit.
Feb. 2, 1943.

188

A. Walter Socolow, of New York City (Alexander D. Diamond, of New York City, of counsel), for appellant.

Cohen, Cole, Weiss & Wharton, of New York City, for appellee Ballet Theatre, Inc.

Garfield, Wrubel & Lazarus, of New York City, for appellee German Sevastianov.

Elias Lieberman, of New York City, for appellees Hurok Attractions, Inc., and Solomon Hurok.

Harry J. Leffert, Robert H. Wrubel, and Vinson C. Aronson, all of New York City, of counsel, for appellees.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

·SWAN, Circuit Judge.

Original Ballet Russe, Ltd., incorporated under the laws of England and engaged in the business of producing ballet performances throughout the world, brought this action in the court below against Ballet Theatre, Inc., alleged to be a competitor of plaintiff, and three other defendants. Federal jurisdiction rests on diverse citizenship. The complaint alleged that the defendants maliciously formed "the deliberate design and purpose by unlawful means to destroy plaintiff's business * * * and to drive it from the theatrical world"; in furtherance of such design and purpose they induced certain dancers to break their employment contracts with plaintiff and maliciously circulated false statements to injure plaintiff's reputation; and by reason of their acts plaintiff was damaged to the extent of at least $100,000. Before answer the defendants moved for an order requiring the plaintiff to amend its complaint so as to state and number separately the various causes of action set forth therein. Being of the opinion that the complaint alleged at least two separate and distinct torts (defamation of plaintiff and inducing its employees to break their contracts) the district judge granted the motion. An amended complaint was then filed which the court found subject to the same infirmities as the original, and a second order was entered directing compliance with the former order under pain of having the amended complaint dismissed. The plaintiff declining to amend further, a judgment of dismissal was entered, from which the plaintiff has appealed.

Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that all averments of claim or defense shall be made in numbered paragraphs and "each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth." Under Rule 41(b) a defendant may move for dismissal of an action for failure of the plaintiff to comply with the rules or any order of court. If the district judge was correct in his application of Rule 10(b) to the original and amended complaints, dismissal of the action under Rule 41(b) was within his discretion. Blake v. De Vilbiss Co., 6 Cir., 118 F.2d 346.

For the traditional and hydra-headed phrase "cause of action" * the Federal Rules of Civil Procedure have substituted the word "claim." It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts. See 1 Moore, Federal Practice, pp. 3, 145-150, 605; Clark, Code Pleading, §§ 19, 70. Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. See Moore, supra, p. 607. Strictly, therefore, the issues presented are (1) whether the complaint and amended complaint allege but a single claim or cause of action and (2), if more than one claim is alleged, whether a separation of the claims is required to facilitate clear presentation of the matters set forth.

The original complaint alleged in substance that the defendants conspired to ruin the plaintiff's business of producing ballets, and in furtherance of the conspiracy committed tortious acts by circulating defamatory statements and inducing employees of plaintiff to break their contracts and enter the employ of its competitor, Ballet Theatre, Inc. The amended complaint is framed along identical lines but amplifies the details of the acts done by the defendants in carrying out the conspiracy and shows that tortious conduct by one of them, Hurok Attractions, Inc., was also a breach of its contract to manage performances of the plaintiff's ballet company on certain tours. The ad damnum was largely increased. It is the defendants' contention that where a complaint alleges a conspiracy pursuant to which actionable torts are committed, then the cause or causes of action are the independent torts and not the conspiracy. This view was adopted by the district court.

We agree that where conduct is tortious in itself allegations that it was committed pursuant to a conspiracy add nothing to the complaint, although conduct otherwise innocent may sometimes become actionable if done in concert. Green v. Davies, 182 N.Y. 499, 505, 75 N.E. 536, 3 Ann.Cas. 310; Lewis Invisible Stitch Mach. Co. v. Columbia Mfg. Co., 2 Cir., 80 F.2d 862, 864; A. L. I. Torts, §§ 765, 775. But we cannot agree that the claim for relief set out in plaintiff's original and amended complaints was one "for conspiracy." The cause of action alleged is the intentional destruction of plaintiff's business without justifiable excuse. All the acts of defendants are alleged to have been directed to this end. The charge could have been laid against Ballet Theatre, Inc., alone. Except in so far as non-tortious conduct may be rendered actionable by concert, allegations of conspiracy neither add to nor detract from the wrong of intentional and unjustifiable destruction of a person's business. They are important only to show that the wrong was committed jointly by the defendants so that the acts of one may be imputed to the others because of their common purpose and intent. Brackett v. Griswold, 112 N.Y. 454, 466, 20 N.E. 376; Bob v. Hecksher, 235 App.Div. 82, 83, 256 N.Y.S. 126. Recognition of the cause of action under discussion goes back at least to the early case of Keeble v. Hickeringill, 11 East 574n. The philosophy underlying it has been brilliantly expounded in Oliver Wendell Holmes' famous essay, "Privilege, Malice and Intent," 8 Harv.L.Rev. 1. It has been adopted in the American Law Institute's Restatement of the Law of Torts, Division Nine, "Interference with Business Relations." We do not doubt that the law of New York also recognizes the tort of wrongful interference with one's business. See Opera on Tour, Inc. v. Weber, 285 N.Y. 348, 34 N.E.2d 349, 136 A.L.R. 267; American Guild of Musical Artists v. Petrillo, 286 N.Y. 226, 231, 36 N.E.2d 123. In the latter case the court referred to the former as an application of "the broad doctrine that harm intentionally done is actionable if not justified."

The fact that in pleading his claim the plaintiff has charged the defendants with accomplishing the harm by acts which viewed independently might themselves be deemed torts does not necessarily mean that he has alleged several causes of action which must be stated in separate counts. In Oliver v. Perkins, 92 Mich. 304, 52 N.W. 609, the plaintiff's declaration alleged a series of acts which the defendants classified as constituting respectively a breach of contract, a trespass, and a slander, but the court held that a series of wrongful acts, all aimed at a single result and contributing to the injury complained of, to wit, the destruction of one's business, credit and reputation, may be counted upon, not severally but collectively, as producing

---

* See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 68, 53 S.Ct. 278, 77 L.Ed. 619.

that result, in an action on the case. See also Rourke v. Elk Drug Co., 75 App.Div. 145, 77 N.Y.S. 373; Canellos v. Zotalis, 145 Minn. 292, 177 N.W. 133. In Travelers Ins. Co. v. Chiarello Stevedoring Co., 236 App.Div. 468, 260 N.Y.S. 18, an action was brought to recover additional sums due as premiums on policies of insurance issued by the plaintiff to one of the defendants. The theory of the action was that the defendants had conspired to defraud the plaintiff by concealing the true amount of the insured's monthly payrolls, upon which the premiums were based. A motion was granted to require the plaintiff to state and number separately its alleged causes of action. The resulting order was reversed, the court stating at page 469 of 236 App.Div., at page 19 of 260 N.Y.S.: "The torts complained of were similar, except that each was committed at a different time, and the misrepresentations related to different amounts of money. * * * The complaint states but one cause of action for damages for defrauding the plaintiff out of premiums due. * * * When a series of acts committed by conspirators acting in pursuance of a common scheme result in damages, the facts may be set up as one cause of action."

The appellees argue that the decision last cited must be limited to cases where facts which might constitute separate causes of action for fraud have been·pleaded as a single cause of action for the ultimate fraud. They rely upon Green v. Davies, 182 N.Y. 499, 75 N.E. 536, 3 Ann.Cas. 310 as establishing a contrary rule for the case at bar. There the complaint alleged that the defendants conspired to traduce the plaintiff and lead his intimate acquaintances and business customers to believe him insane, and also conspired to cause him to be imprisoned on a false charge; and that in pursuance of the conspiracy several of the defendants uttered slanders against him, and another defendant maliciously and fraudulently instituted an action against him in which he was arrested and held to bail. The court held that the complaint did not state a single cause of action for conspiracy but two distinct and separate causes of action which were improperly united,

because section 484 of the Code of Civil Procedure then in force forbad the joining in the same complaint of an action for slander and an action for malicious abuse of legal process. We cannot regard this decision as decisive of the issue now presented. It holds merely that a charge of conspiracy adds nothing to the separate torts alleged. It is not a decision that a plaintiff may not state as a single cause of action a series of wrongful acts which are alleged as steps in carrying out the tort of intentional destruction of the plaintiff's business without justifiable excuse. In the case at bar the plaintiff has not alleged the acts as independent wrongs nor has it apportioned between them the total damage caused. It is the aggregate effect of all the acts that resulted in destruction of plaintiff's business. That is the wrong for which damages are sought. Allegations of conspiracy, and proof of them, are immaterial except for the purpose of securing a joint recovery against all defendants. We think that the principle applied in Oliver v. Perkins and Travelers Ins. Co. v. Chiarello Stevedoring Co., supra, is applicable to the complaints at bar. See also Ripperger v. A. C. Allyn & Co., D.C.S.D.N.Y., 37 F.Supp. 369. In our opinion they state but one claim for damages—the damages resulting from wrongful destruction of plaintiff's business.

■ Even if the complaint were viewed as alleging several causes of action which under New York procedure would have to be stated in separate counts, that would not determine how they must be pleaded in a federal court. The complaints at bar do not treat the defendants' acts as separate transactions or occurrences, nor ask for separate judgment against the defendant charged with doing a particular act. All the acts are alleged to be connected by the common purpose and directed to the common end of driving the plaintiff from the theatrical world. We do not think that a separation into counts is necessary to facilitate "the clear presentation of the matters set forth."

The order of dismissal is reversed and the cause remanded.