## MARTIN v. AMERICAN HOME PRODUCTS CORP. et al.

United States District Court
S. D. New York.
Oct. 24, 1950.

John M. Cole, New York City (Joshua R. H. Potts and Basel H. Brune, Philadelphia, Pa., of counsel), for plaintiff.

Munn, Liddy & Glaccum, New York City (Benj. B. Schneider, Chicago, Ill., of counsel), for all defendants except Ayerst of Canada.

COXE, District Judge.

These are motions (1) by all of the defendants (except Ayerst, McKenna & Harrison, Limited, of Canada, which has not been served with process), to dismiss Count I of the complaint for failure to state a claim, or, in the alternative, to strike certain specified paragraphs of the count; and (2) by defendants American Home Products Corporation and Fort Dodge Laboratories, Inc. to strike Paragraph 9 of Count II.

In Count I the plaintiff seeks to recover damages of $1,500,000 against all of the defendants for losses alleged to have been sustained as a result of a conspiracy engaged in by the defendants to wreck plaintiff's business. Count II is directed only against defendants American Home Products Corporation and Fort Dodge Laboratories, Inc., and in it plaintiff asks further damages of $150,000 for alleged infringement of U. S. Patent No. 2,498,374, issued to plaintiff on February 21, 1950, for "Meth-od and Article for treatment of Mammary glands".

It is alleged in Count I that the defendant American Home Products Corporation owns a majority of the voting stock of all the other defendants and of Wyeth, Incorporated, which is not named as a defendant, and manages, directs and controls their business activities as departments of its own business, and that, between 1946 and the end of 1947, the defendants and Wyeth entered into a conspiracy to wreck plaintiff's business in the manufacture and sale of a patented product, known as a "bougie", for the treatment of mastitis, an infectious disease of the udders of cows, by manufacturing and selling bougies in imitation of and in competition with plaintiff's bougies, and by doing, in connection therewith, a number of wrongful and illegal acts.

It is further alleged that plaintiff, a doctor of veterinary medicine, after many years of devotion to the task of diagnosing and treating mastitis, a disease which was causing enormous financial loss to farmers, invented the "bougie", and its method of use, on or before October 25, 1944, on which a United States patent was issued to him on February 21, 1950; that, in the latter part of 1945, in the course of an unsuccessful effort to make an arrangement with Wyeth for the manufacture and sale of his bougies, plaintiff disclosed to Wyeth, in confidence, his invention, and also the fact that he had made application for a patent thereon; that Wyeth has refused to sell penicillin to plaintiff for use in his bougies; that, since the late fall of 1945, plaintiff has used the word "Mastics" as a trade-mark upon all containers of his bougies, for which a trade-mark registration certificate was issued to him on August 12, 1947; and that Home Products and Wyeth have adopted and used upon bougies manufactured and sold by them the confusingly similar trade-mark "Penstix".

Finally, it is alleged that plaintiff's sales of bougies to the veterinary profession, or to veterinary supply houses selling to veterinarians only, increased from 200 units in 1945 to 1,053,357 in 1948; that when, some time between 1946 and the end of 1947,

defendants came to know of the profits possible to be realized from plaintiff's bougies, they and Wyeth conspired to, and did, manufacture and sell, bougies in imitation of and in competition with plaintiff's bougies, and did the wrongful and illegal acts referred to; that, until these wrongful acts, the public and all manufacturers in the United States, and elsewhere, had respected plaintiff's claim to ownership in his bougies and bougie method of treatment, but that thereafter other manufacturers, to at least the number of six, were encouraged by the activities and false advertising of the defendants and Wyeth to manufacture and sell bougies under their own names; and that the rate of growth of plaintiff's business has shrunk very rapidly to the point where in recent years it has been only nominal, and the defendants and other infringers do about 85% of the business.

The wrongful and illegal acts alleged are that the defendants divided the territory throughout the world, in violation of the Anti-Trust laws; that they published false advertisements and circulars, in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq.; that they sold to plaintiff's distributor, the Armour Veterinary Laboratories, at special prices not made available to other customers of similar class and buying power, with the result that the Laboratories were taken away from plaintiff, and obtained by Wyeth as a distributor, in violation of the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. §§ 13, 13a, 13b, 21a; that Wyeth and Home Products knowingly breached the confidence which plaintiff had reposed in them, and that the defendants have infringed plaintiff's trade-mark and patent.

■ I am satisfied that Count I is sufficient as a pleading. It is not necessary, as defendants contend, for the plaintiff to allege and prove that each act of the defendants was illegal and gave rise to a separate cause of action. Some of the acts alleged seem, upon their face, to be quite innocent and harmless, but, if an illegal conspiracy is alleged, all acts done in pursuance thereof, whether innocent or malicious, may be shown. So, also, all the acts, whether in-nocent or malicious, may be alleged in a single count. Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 2 Cir., 133 F.2d 187.

■ Nor is plaintiff foreclosed from recovery because he has alleged, as defendants contend, two motives on the part of defendants, one the legitimate motive of competing with plaintiff for the profit that was in the business, and the other the alleged malicious motive of wrecking plaintiff's business. It is insisted that, under such conditions, an action for malicious interference with business will not lie, and Beardsley v. Kilmer, 236 N.Y. 80, 140 N.E. 203, 27 A.L.R. 1411, and Restatement of Torts, § 709, Vol. 3, p. 525, are relied upon. I do not think that these authorities are applicable. Defendants in their brief concede that some of their acts, of which plaintiff complains, were illegal. Plaintiff has the right to recover for such acts, independently of any conspiracy. The court pointed out in the Beardsley case, 236 N.Y. at page 85, 140 N.E. at page 204, that there was no evidence there that the defendants had performed any acts which were "inherently unlawful".

■ Nor is defendants' contention tenable that plaintiff has not alleged any actual loss from defendants' acts, but only a speculative loss. On the contrary, it is alleged in Count I that "the foregoing wilful acts of the defendants and Wyeth Incorporated have caused plaintiff actual damage in the sum of $1,500,000". Such a general allegation of damage is sufficient unless special damages are sought, which is not the case here. And the loss of the business of plaintiff's distributor, the Armour Veterinary Laboratories, would, on its face, appear to have resulted in actual loss which plaintiff should have opportunity to prove on the trial. Defendants' motion to dismiss Count I is therefore denied as well as their alternative motion to strike certain specified paragraphs of the Count.

The motion of defendants Home Products and Fort Dodge to dismiss Paragraph 9 of Count II is also denied, without prejudice to renewal at the trial.