Alan LEGAT, Plaintiff,

v.

**Brian HUBBS, Anthony's Service Station, Inc., and Town of Plainville, Defendants.**

**No. CIV.3:03CV01485(AWT).**

United States District Court,
D. Connecticut.

Feb. 8, 2005.

John R. Williams, Norman A. Pattis, Williams & Pattis, New Haven, CT, for Plaintiff.

Joseph Michael Musco, Smith Ketaineck & Musco, Hamden, CT, Jeffrey M. Knickerbocker, Law Office of Robert A. Ziegler, Plainville, CT, for Defendants.

### *RULING ON MOTION TO DISMISS*

THOMPSON, District Judge.

Defendant Anthony's Service Station, Inc. ("Anthony's") has moved to dismiss the plaintiff's complaint as to Anthony's (a) pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* for failure to comply with Rule 10(b) of the *Federal Rules of Civil Procedure,* and (b) pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state, as to Anthony's, a claim upon which relief can be granted. For the reasons set forth below, the motion is being granted pursuant to Rule 12(b)(6).

### I. Factual Background

For purposes of this motion to dismiss, the court accepts as true all of the factual allegations set forth in the Complaint.

The plaintiff alleges that in the early morning hours of November 10, 2001, defendant Brian Hubbs ("Hubbs") arrested him in Plainville, Connecticut "without a warrant and without probable cause." (Compl.¶ 11.) At all relevant times, Hubbs was a police officer and member of the Police Department of the Town of Plainville (the "Town").

After placing the plaintiff under arrest, Hubbs "seized [his] motor vehicle, a 1976 Cadillac El Dorado." (Compl.¶ 8.) Hubbs thereafter caused the plaintiff's automobile to be placed in the custody of Anthony's. The Town had an existing agreement with Anthony's authorizing Anthony's to tow and store "property taken from citizens by Plainville police officers." (Compl.¶ 10.) Anthony's towed the plaintiff's automobile to its principal place of business in Plainville pursuant to section 14–150(b) of the *Connecticut General Statutes.* The Com-

plaint alleges that Anthony's refused to release the plaintiff's automobile to him unless he paid "an exorbitant and completely unjustified series of fees to them." (Compl. ¶ 14.)

The plaintiff filed this action alleging, as to Anthony's, that it violated 42 U.S.C. § 1983 by conspiring with the Town to deprive him of his Fourth and Fourteenth Amendment rights, and also that Anthony's stole his property in violation of section 52–564 of the *Connecticut General Statutes.*

## II. Legal Standard

Dismissal pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief can be granted is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The task of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (internal quotes and citation omitted). The court is required to accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. *See Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994). However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

## III. Discussion

### A. Failure to Comply with Rule 10(b)

A defendant may move for dismissal of an action pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed.R.Civ.P. 41(b).

Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that all averments of claim or defense shall be made in numbered paragraphs and "each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." . . .

For the traditional and hydra-headed phrase "cause of action" the Federal Rules of Civil Procedure have substituted the word "claim." It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts. Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. Strictly, therefore, the issues presented are (1) whether the complaint and amended complaint allege but a single claim or cause of action and (2), if more than one claim is alleged, whether a separation of the claims is required to facilitate clear presentation to the matters set forth. *Original Ballet Russe v. Ballet Theatre,* 133 F.2d 187, 188–89 (2d Cir.1943) (footnote and internal citations omitted).

Here, the plaintiff's claims as to Anthony's appear to be founded on two transactions or occurrences: first, the fact that Anthony's towed the plaintiff's automobile at the behest of defendant Hubb's; and second, the fact that Anthony's refused to release the automobile to him. While separation of the claims would facilitate a clear presentation of them, the court declines to dismiss the Complaint for failure to comply with Rule 10(b) of the *Federal Rules of Civil Procedure* because it is clear

that the claims against Anthony's should be dismissed pursuant to Rule 12(b)(6).

### B. Claims Pursuant to 42 U.S.C. § 1983

■ Section 1983 allows litigants to pursue a cause of action against private parties who commit unconstitutional acts while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983 (2000). In order for a private party to be found liable under § 1983, the plaintiff must prove the existence of "(1) an agreement between … a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir.1999). To survive a motion to dismiss made pursuant to Rule 12(b)(6), a complaint must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992). However, conclusory allegations are not sufficient to support a § 1983 conspiracy action. *See Pangburn,* 200 F.3d at 72.

### 1. Fourth Amendment

■ In order for the Complaint to properly allege that Anthony's acted in concert with Hubbs or the Town to seize the plaintiff's vehicle, it must state facts supporting an inference that Anthony's was "personally involved in authorizing the unconstitutional seizure of the plaintiff's car." *Rackley v. City of New York,* 186 F.Supp.2d 466, 469 (S.D.N.Y.2002). However, the Complaint does not allege that Anthony's played any part in deciding that the plaintiff's vehicle would be seized and/or towed away. Rather, the Complaint alleges that "defendant Hubbs arrested the plaintiff in the Town of Plainville and seized the plaintiff's motor vehicle" and "thereafter caused

the plaintiff's said motor vehicle to be placed in the custody of the defendant Anthony's Service Station." (Compl.¶ 8–9.) The only inference to be drawn from the allegations of the Complaint is that once the automobile was placed in Anthony's custody, Anthony's performed its duties under its agreement with the Town. Thus, the Complaint alleges that only Hubbs was involved in seizing the plaintiff's vehicle and that Hubbs caused Anthony's to become involved in the situation only subsequent to the seizure.

Accordingly, the Fourth Amendment claim should be dismissed as to Anthony's.

### 2. Fourteenth Amendment Due Process Claim

■ Section 14–150 of the *Connecticut General Statutes* authorizes police officers to take into custody any motor vehicle that they determine is a menace to traffic, or public health or safety, thereby "effectuat[ing] the state's interest in enforcing traffic laws and in protecting the public from hazardous street conditions." *Dutch Point Credit Union, Inc. v. Caron Auto Works, Inc.,* 36 Conn.App. 123, 648 A.2d 882, 886 (1994). Additionally, the statute provides that the police officer shall "cause the same to be taken to and stored in a suitable place." Conn. Gen.Stat. § 14–150(b) (2005).

Here the only agreement between Anthony's and a state actor that is alleged by the plaintiff is that in Paragraph 10 of the Complaint. There is no factual allegation anywhere in the Complaint that would support an inference that Anthony's entered into an agreement with Hubbs and/or the Town to take any action other than as contemplated by section 14–150 of the *Connecticut General Statutes.* Conduct contemplated by section 14–150, standing alone, would not evidence an agreement to act in concert with the Town and with

Hubbs to inflict an unconstitutional injury on the plaintiff.

Accordingly, the Fourteenth Amendment claim should be dismissed as to Anthony's.

### C. Conn. Gen.Stat. § 52–564

Section 52–564 of the *Connecticut General Statutes* provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Conn. Gen.Stat. § 52–564 (2005). There is no factual allegation in the Complaint that would support an inference that the plaintiff's automobile was stolen, much less that Anthony's unknowingly received a stolen automobile. In light of the purpose of section 14–150 of the *Connecticut General Statutes,* the allegations of the Complaint do not even state a claim for conversion, but even if they did, such allegations would fall short of supporting a claim pursuant to § 52–564. *See Lawson v. Whitey's Frame Shop,* 42 Conn. App. 599, 682 A.2d 1016, 1021 (1996) *rev'd on other grounds,* 241 Conn. 678, 697 A.2d 1137 (1997).

Accordingly, the plaintiff's claim pursuant section 52–564 of the *Connecticut General Statutes* should be dismissed.

### IV. Conclusion

For the reasons set forth above, defendant Anthony's Service Station Inc.'s Motion to Dismiss (Doc. No. 19) is hereby GRANTED.

It is so ordered.