The UNITED STATES of America and Norman P. Mason, Commissioner, Federal Housing Administration, on behalf of himself and all other stockholders of Iroquois Apartments, Inc., Corporation, Plaintiffs,

v.

IROQUOIS APARTMENTS, Inc., a New York Corporation doing business at 163–18 Jamaica Avenue, Jamaica, Queens County, New York, and Benjamin M. Hess, Sidney Kessler, J. Louis Lazarus, Rubin Garfinkel and Haskel Hess, Defendants.

Civ. No. 17692.

United States District Court
E. D. New York.

Nov. 7, 1957.

**152**

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for plaintiffs, Lloyd H. Baker, Brightwaters, N. Y., of counsel.

Mishler & Wohl, Long Island City, N. Y., for defendants Benjamin M. Hess, Sidney Kessler, J. Louis Lazarus, Rubin Garfinkel and Haskel Hess, Jacob Mishler, Long Island City, N. Y., of counsel.

ZAVATT, District Judge.

This action was commenced pursuant to the provisions of the National Housing Act, as amended, 12 U.S.C. 1702 et seq. 12 U.S.C.A. § 1702 et seq. to recover windfall dividends which the complaint alleges were unlawfully paid by the defendant corporation to the five individual defendants in the sum of $206,853.43, which said sum is alleged to be the excess over construction costs of one mortgage loan to the corporate defendant insured by the Federal Housing Administration. The plaintiffs are The United States of America and Norman P. Mason, as Commissioner of the Federal Housing Administration. The latter plaintiff sues on behalf of himself and all other stockholders of the defendant corporation, Iroquois Apartments, Inc. The complaint alleges that all of the individual defendants were stockholders and that three of them were directors of the de-fendant corporation at all the times stated in the complaint.

The five individual defendants have moved, before answer, pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order directing the plaintiffs to serve an amended complaint stating separately the claim or claims asserted (1) by the plaintiff The United States of America; (2) by the plaintiff Norman P. Mason, as Commissioner of the Federal Housing Administration; (3) by the plaintiff Norman P. Mason, as a preferred stockholder, against (1) the defendant corporation; (2) the three individual defendants who were directors of the corporate defendant; and (3) the individual defendants as recipients of the alleged unlawful distribution. In other words, the moving defendants would have the plaintiffs state nine separate claims. It is the contention of the five individual defendants that such an amended complaint is essential to a clear presentation of the subject matter of this action.

The general rules of pleading are found in Rule 8 of the Federal Rules of Civil Procedure, which sets forth the characteristics of good pleading. The intent and effect of this rule is to permit a claim to be stated in general terms and to discourage battles over mere form of statement. It does away with the confusion resulting from the use of "facts" and "cause of action", and merely requires the pleader to disclose adequate information as to the basis of his claim for relief. Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319.

"The Federal Rules have avoided one of the sore spots of code pleading. The federal courts are not hampered by the morass of decisions as to whether a particular allegation is one of fact, evidence or law. All that is required is a 'short and plain statement of the claim showing that the pleader is entitled to relief'. There is no requirement that the pleading state

'facts' or 'ultimate facts', or 'facts sufficient to constitute a cause of action'. The courts have recognized that the function of pleadings under the Federal Rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the doctrine of res judicata, and to show the type of case brought so that it may be assigned to the proper form of trial. As Judge St. Sure said in one of the first decisions under the Rules, 'The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required.' This viewpoint has been followed by the majority of cases." Moore's Federal Practice, 2nd Edition, Vol. 2, § 8.13 pages 1647–1649.

"The basis for determination of the question of separate statement lies in the rule itself which states that 'each claim founded on a separate transaction or occurrence. * * * shall be stated in a separate count'. Therefore, it seems that several different acts, all of which flow toward a common legal right to be enforced, need not be separately stated." Federal Practice and Procedure (Rules Edition), Barron & Holtzoff, § 324, page 564 of Vol. I.

It is obvious, and the courts have pointed out on innumerable occasions, that the rule stresses the transaction or occurrence as the subject matter of a claim rather than the legal rights arising therefrom.

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder in one action of all persons as plaintiffs who seek any right to relief jointly, severally or, in the alternative, in respect of or arising out of the same transaction. It also permits the joinder in one action as defendants of all persons against whom there is asserted jointly, severally, or, in the alternative, any right to relief in respect of or arising out of the same transaction and provides that such joinder of plaintiffs and defendants is permitted even though all of the plaintiffs or all of the defendants are not interested in obtaining or defending against all the relief demanded.

■ When there are several claims, each founded upon a separate transaction or occurrence, then each such separate claim is to be stated in a separate count in the complaint only when "a separation facilitates the clear presentation of the matters set forth". Rule 10(b), Federal Rules of Civil Procedure; Original Ballet Russe v. Ballet Theatre, 2d Cir., 133 F.2d 187, 189.

■ In lieu of the traditional phrase "cause of action" the Federal Rules of Civil Procedure have substituted the word "claim". It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts. Strictly, therefore, the issues presented by this motion are (1) whether the complaint alleges but a single claim, and (2) if more than one claim is alleged, whether a separation of the claims is required to facilitate clear presentation of the matters set forth. The fact that an action is brought against several defendants does not indicate that the plaintiff is suing on more than one claim. Where, for example, a plaintiff sues a corporation and others for damages for inducing a breach of a contract, the fact that there are several defendants does not indicate that more than one claim is being asserted. See Original Ballet Russe v. Ballet Theatre, supra. In that case the court distinguished between the New York procedure and federal procedure and held that a separation into counts was not necessary.

"Even if the complaint were viewed as alleging several causes of action which under New York proce-

154

dure would have to be stated in separate counts, that would not determine how they must be pleaded in a federal court. The complaints at bar do not treat the defendants' acts as separate transactions or occurrences, nor ask for separate judgment against the defendants charged with doing a particular act. All the acts are alleged to be connected by the common purpose and directed to the common end of driving the plaintiff from the theatrical world. We do not think that a separation into counts is necessary to facilitate 'the clear presentation of the matters set forth'." 133 F.2d at page 190.

In Ripperger v. A. C. Allyn Co., D.C. S.D.N.Y., 37 F.Supp. 369, the plaintiff, as receiver, brought an action against several defendants for an accounting and for a determination of the damages sustained by the corporation as a result of certain activities of the defendants. Three separate sets of defendants moved for an order directing the plaintiff to separately state and number the several causes of action alleged in the first cause of action of the complaint. In that cause of action it was alleged that the defendants formulated a plan to obtain control of a certain corporation for the purpose of making personal profits for themselves and their associates. The defendants sought to compel the plaintiff to break up the first cause of action into six or seven various parts, claiming that each part in itself constituted a separate cause of action and should be separately stated. The defendants also claimed that certain of the acts alleged in the first cause of action were done by some of the defendants but not by all of them, and that some of the acts resulted in profits to certain defendants and some of the acts resulted in no profit to any of the defendants but merely damaged the corporation. The court found that, although the plaintiff might have alleged several

causes of action against various defendants, he had elected to allege one cause of action in equity based upon the conspiracy as a whole; that he had a right to do so and that the defendants could not complain that the plaintiff had not set forth separate causes of action against each individual defendant because it was not apparent that the allegations of the complaint were too indefinite or uncertain and did not give fair notice to the defendants of the acts with which they were charged.

It is clear from a reading of the complaint in this action that the plaintiffs are asserting one claim based upon one transaction, namely, that the individual defendants, as stockholders and directors of the defendant corporation, caused the said corporation to unlawfully distribute to them, as stockholders, the sum of $206,853.43; that this sum was derived in whole or in part from insured excess mortgage proceeds of one FHA mortgage. In the brief of the attorneys for the defendants it is contended that the defendants cannot tell from a reading of the complaint whether the plaintiffs are asserting a claim in favor of or against the corporate defendant. A mere reading of the prayer for relief in the complaint indicates without any doubt that the plaintiffs seek to compel the individual defendants to account for the money which they received and the loss which the defendant corporation sustained by reason of the transaction which forms the basis of the claim of the plaintiffs, and that the plaintiffs seek a judgment directing the individual defendants to repay to the defendant corporation the sums so received by them. Obviously, the plaintiffs are not asserting a claim against the corporation but, rather, one in favor of the corporation. The complaint gives fair notice to the moving defendants of the acts with which they are charged.

Motion denied. The attorney for the plaintiff will settle an order on notice.