Christine THOMAS, Individually and as Co–Administratrix of the Estate of Erin Finley, and Mark Thomas, as Co–Administrator of the Estate of Erin Finley, Plaintiff

v.

The LUZERNE COUNTY CORRECTIONAL FACILITY, Craig T. Bardell, M.D., Individually and in his official Capacity, Susan Day, P.A., Individually and in her official capacity, Wexford Health Sources, Inc., Kathryn McCarty, R.N., Chca, Individually, and Sheila Hagemeyer, Individually, Defendants

No. CIV.A.3:03–0989.

United States District Court, M.D. Pennsylvania.

March 25, 2004.

Daniel T. Brier, Esquire, Lori R. Gramley, Esquire, Thomas J. Campenni, Es-

quire, Myers, Brier & Kelly, LLP, Frank J. Brier, Esquire, Mark T. Perry, Esquire, the Perry Law Firm, Scranton, PA, for Plaintiffs.

Zygmunt R. Bialkowski, Jr., Esquire, Margolis Edelstein, Dominick J. Georgetti, Esquire, Eugene P. Feeney, Esquire, Weber Goldstein & Gallagher, LLP, Anthony J. Piazza, Jr., Esquire, Murphy, Piazza & Genello, Scranton, PA, Gregory R. Neuhauser, Deputy Attorney General, Office of Attorney General, Harrisburg, Sean P. Roman, Esquire, McCormick Law Firm, Williamsport, PA, James K. Thomas II, Esquire, Thomas Thomas & Hafer, Harrisburg, PA, for Defendants.

## MEMORANDUM

MANNION, United States Magistrate Judge.

Pending before the court is "Defendants, Craig R. Bardell, M.D., Susan Day, P.A., and Wexford Health Sources, Inc., Motion for More Definitive Statement and Motion to Strike." (Doc. No. 3).

On June 13, 2003, the plaintiffs, Christine Thomas, individually and as co-administratrix of the estate of Erin Finley, and Mark Thomas, as co-administrator of the estate of Erin Finley, filed this action against the above-named defendants alleging violations of 42 U.S.C. § 1983. In addition, the plaintiffs set forth pendent state law claims for negligence, negligent infliction of emotional distress, wrongful death and survival. (Doc. No. 1).

The instant motion for more definitive statement and motion to strike was filed on behalf of defendants Craig Bardell, M.D., Susan Day, P.A., and Wexford Health Sources, Inc., ("Wexford defendants"). (Doc. No. 3). A supporting brief was timely filed. (Doc. No. 4). The plaintiffs have filed a brief in opposition. (Doc. No. 11).

In their motion, the Wexford defendants initially seek a more definitive statement arguing that the "inter alia" language in paragraphs 96 and 101 of the complaint, and the "but is not limited to" language in paragraphs 105 and 107 of the complaint, is impermissibly vague. (Doc. No. 4, pp. 3–4).

With respect to this argument, Fed. R.Civ.P. 8(a) states in pertinent part:

A pleading which sets forth a claim for relief ... shall contain: ...(2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Moreover, Fed.R.Civ.P. 8(e)(1) directs that:

Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required.

Finally, Fed.R.Civ.P. 8(f) states:

All pleadings shall be so construed as to do substantial justice.

The Federal Rules of Civil Procedure do not require the plaintiffs to set out in detail the facts upon which they base their claims. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendants fair notice of what the plaintiffs' claims are and the grounds upon which they rest. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In general, the pleading required under Rule 8 is "Notice Pleading" as opposed to "Fact Pleading" which incorporates more specifics of the claim and requires more in response by the defense. 2 *Moore's Federal Practice*, § 8 App.01 (Matthew Bender 3rd Edition).

A review of the complaint filed in the instant action shows that it is laid out in 123 separate paragraphs, divided into seven (7) counts for relief. It properly sets forth the jurisdictional and venue requirements, the parties, and the procedural background. The factual allegations are generally pled, but appear sufficient to put the defendants on notice of the claims being brought against them. Accordingly, the Wexford defendants' motion will be denied to the extent that they seek a more definitive statement with regard to the "inter alia" and "but not limited to" language set forth in paragraphs 96, 101, 105, and 107 of the complaint.

The Wexford defendants also seek a more definitive statement arguing that the plaintiffs have failed to plead separate causes of action against each of them in violation of Fed.R.Civ.P. 8(e) and Fed.R.Civ.P. 10(b). (Doc. No. 4, pp. 4–5).

■ Although the Wexford defendants argue that Fed.R.Civ.P. 8(e) requires "separate claims," as discussed above, Fed.R.Civ.P. 8(e)(1) directs a pleading to be concise and direct, while Fed.R.Civ.P. 8(e)(2) addresses the consistency of pleadings and provides in relevant part:

A party may set forth two or more statements of a claim . . . alternately or hypothetically, either in one count . . . or in separate counts . . . When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims . . . the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

In light of the above, the Wexford defendants' argument that the plaintiffs must set forth a separate claim as to each individual defendant finds no support in Fed.R.Civ.P. 8(e).

Moreover, Fed.R.Civ.P. 10(b) provides:

All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

■ Pursuant to Fed.R.Civ.P. 10(b), when there are several claims, each founded upon a separate transaction or occurrence, then each claim is to be stated in a separate count in the complaint, but only when "a separation facilitates the clear presentation of the matters set forth." *United States v. Iroquois Apartments, Inc.,* 21 F.R.D. 151 (1957) (citations omitted). However, the mere fact that an action is brought against several defendants does not necessarily indicate that separate statements under Fed.R.Civ.P. 10(b) is required against each individual defendant. Where the essence of the complaint against multiple defendants is a scheme, plan or course of conduct, Fed.R.Civ.P. 10(b) does not require that each claim against each defendant be stated separately merely because all of the defendants may not be involved in each transaction or occurrence. 27 Fed.Proc., L.Ed. § 62:109 (citing *Securities & Exchange Commission v. Quing N. Wong,* 252 F.Supp. 608 (D.Puerto Rico 1966)).

■ Upon review of the complaint filed in the instant action, the court finds that the plaintiffs have properly plead separate causes of action against the Wexford de-

fendants, and that the plaintiffs need not plead each of the separate causes of action against each individual defendant. Therefore, to the extent that the Wexford defendants seek to have the plaintiffs file a more definitive statement pleading separate causes of action against each of the individual defendants, their motion will be denied.

The Wexford defendants further seek to have stricken the allegations of deliberate indifference, intent, and willfulness from the plaintiffs' complaint, and as a result, the plaintiffs' request for punitive damages. (Doc. No. 4, pp. 5–7).

Upon review, the Wexford defendants' argument is, in essence, a motion to dismiss the plaintiffs' claim for punitive damages for failure to state a claim upon which relief can be granted. The Wexford defendants acknowledge that the plaintiffs have alleged conduct on their part which was "intentional, willful and done with deliberate indifference." They argue, however, that the plaintiffs cannot support these allegations and, therefore, cannot support a claim for punitive damages. As a result, the Wexford defendants argue that the portion of the plaintiffs' complaint seeking punitive damages should be dismissed for the plaintiffs' failure to state a claim upon which relief can be granted.

Pursuant to the provisions of Fed. R.Civ.P. 12(b)(6), dismissal of a complaint, in whole or in part, should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v.*

*Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998)(citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994)). A dismissal under 12(b)(6) should only be granted if "it is certain that no relief can be granted under any set of circumstances which could be proved." *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 919 (3d Cir.1999)(citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 262 n. 12 (3d Cir.1998)). When considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ In a § 1983 action, a jury may be permitted to assess punitive damages when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Feldman v. Philadelphia Housing Authority*, 43 F.3d 823, 833 (3d Cir.1994)(citing *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). Similarly, the Pennsylvania Supreme Court has stated that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Id.* (quoting *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (1984)).

■ In this case, the plaintiffs have alleged conduct on the part of the Wexford defendants which was intentional, willful and done with deliberate indifference. In light of these allegations and at the early stage of the instant proceedings, the plaintiffs will be permitted to proceed with their punitive damages claim. *See* Fed.

R.Civ.P. 9(b)("Malice, intent, knowledge ... may be averred generally.").

■ Finally, the defendants seek dismissal of the plaintiffs' claim of negligent infliction of emotional distress pursuant to Fed.R.Civ.P. 12(b)(6) for the plaintiffs' failure to state a claim upon which relief can be granted. (Doc. No. 4, pp. 7–10).

In relation to a claim for *intentional* infliction of emotional distress, the Restatement (Second) of Torts provides:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family *who is present at the time*, whether or not such distress results in bodily harm, or

(b) to any other person *who is present at the time*, if such distress results in bodily harm.

Restatement (Second) of Torts, § 46 (Emphasis added).

Although the Pennsylvania Supreme Court has yet to declare whether a cause of action for intentional infliction of emotional distress is viable in Pennsylvania, it has nevertheless assumed *arguendo* that such a tort exists. *See Taylor v. Albert Einstein Medical Center*, 562 Pa. 176, 754 A.2d 650 (2000). In doing so, the Pennsylvania Supreme Court has held that a family member who is not actually present and does not witness the tortious conduct cannot recover for the intentional infliction of emotional distress. *Id.* The court reasoned that the "presence" requirement would apply equally to a claim for negligent infliction of emotional distress. *Id.*

The court has uncovered only one unpublished Eastern District of Pennsylvania case which allowed a claim for intentional infliction of emotional distress to survive a motion to dismiss, even where the "presence" requirement was not met. *See Cunningham v. Integrated Health Serv., Inc.*, 1997 WL 256952 (E.D.Pa.). *Cunningham*, however, is distinguishable from the instant action. In *Cunningham*, the plaintiff brought a diversity action against a nursing home claiming that it intentionally inflicted emotional distress upon her by failing to timely inform her of the abuse which befell her mother while under the nursing home's care. The court in that case was addressing the defendant's motion to dismiss on the basis that the conduct was not sufficiently outrageous to satisfy the requirements for intentional infliction of emotional distress. While the court noted that the plaintiff could not recover for her own emotional distress caused by the actual abuse because she was not actually present at the time, the court allowed the claim to survive on the basis that the plaintiff based her claim upon the fact that the defendant misrepresented the true nature of the injury to her mother in order to protect itself from liability, and that the cover up damaged the plaintiff's relationship with her mother.

This court finds the more recent opinion of the Pennsylvania Supreme Court to be more persuasive, as that opinion was based upon the clear language of the Restatement (Second) of Torts, § 46, which requires an individual to be present and witness the tortious conduct in order to recover on an emotional distress claim. Research has not uncovered any other case which, like *Cunningham*, has found

that an emotional distress claim may proceed absent the "presence" requirement.

In this case, the plaintiffs have not adequately plead the presence requirement. As such, the Wexford defendants' motion will be granted with respect to the plaintiffs' claim for negligent infliction of emotional distress.

Based upon the foregoing, an appropriate order will issue.

### ORDER

Based upon the court's memorandum filed this same day,

**IT IS HEREBY ORDERED THAT** the Defendants, Craig R. Bardell, M.D., Susan Day, P.A., and Wexford Health Sources, Inc.:

(1) Motion for More Definitive Statement" (Doc. No. 3), is denied; and,

(2) the motion to dismiss the plaintiffs' claim for negligent infliction of emotional distress (Doc. No. 3) is granted.